JOHN DOE *ex dem.* ELIZUR L. NEWTON *et al.*, plaintiffs in error, *vs.* ROE & BECKOM, defendants in error.

1. A sale of land by an administrator to his co-administrator is not void, but voidable. An acquiescence of twenty-four years by the heir-at-law will create a presumption of ratification.

2. A receipt in full of the distributive shares of the estate, including the proceeds of the land sold by the administrator to his co-administrator, immediately and specifically returned to the Ordinary, and the deed recorded in the proper county within the twelve months, will estop the heirs-at-law from setting up title adverse to the administrator's sale, especially when the heirs were of full age at the time of the sale, and the administrators have been discharged from the trust under citation duly issued and published for this purpose.

3. A tenant cannot repudiate his landlord's title until he surrenders up to him the possession of the premiseses.

Ejectment, in Calhoun Superior Court. Tried before Judge ALLEN, at March Term, 1861.

This was an action of ejectment brought in the name of John Doe, *ex dem.* George Irving, Elizabeth Oneal and Elizur L. Newton, against Richard Roe, casual ejector, and Solomon G. Beckom, tenant in possession, for the recovery of lot of land No. 279, in the fourth district of Early county, afterwards Calhoun county.

The action was commenced on the 17th August, 1853. On the trial of the case in the Court below, the evidence developed the following state of facts, to-wit:

The land in dispute was granted to George Irving on the 21st of October, 1823. George Irving died before the grant issued, and in the month of January, 1821, Burwell Russell and Levin Irving were duly appointed administrators of his estate, which consisted of negroes, lands and perishable property. On the 1st day of November, 1824, the Court of Ordinary of Morgan county, after due notice given, passed an order granting the administrators leave to sell the land in dispute, pursuant to which order the land was sold at administrator's sale, and Burwell Russell became the purchaser at the price of $56 25, which, at the time, was a fair price for the land. Levin Irving made a deed conveying the land to

Burwell Russell, his co-administrator, dated 25th November, 1825, and recorded in the Clerk's office of the Superior Court of Early county, on the 3d July, 1826. The sale of the land was duly and specifically returned to the Court of Ordinary, giving the number of the lot, the purchaser, and the price at which it was sold. The administrators having wound up the estate, and fully distributed the same to the parties entitled thereto, (Bryant Oneal, the husband of Elizabeth Oneal, formerly Elizabeth Irving, being one of the distributees,) were regularly discharged and dismissed from their trust, after due notice, on the 16th of March, 1826. Burwell Russell having died, the premises in dispute were conveyed by his heirs-at-law to Solomon G. Beckom, on the 5th of February, 1854, the conveyance being duly recorded. This is the title on which the defendant relied.

Elizabeth Oneal having been divorced from her husband, Bryant Oneal, and being the sole surviving heir-at-law of George Irving, deceased, conveyed the land to Elizur L. Newton by a deed dated 12th of December, 1849, and recorded 9th December, 1850. This is the title on which the plaintiff relied.

It also appeared, by the evidence on the trial, that Beckom had signed a paper dated the 7th of December, 1850, showing that he had rented the land from Elizur L. Newton, and that he agreed to clear not less than one, nor more than ten acres of the lot, and to protect the land, for which he was to receive the products of the land so long as he held possession. Early in 1851 Beckom wrote to Newton, declining to act as his agent in holding and protecting the land under the lease or written agreement aforesaid, and Newton replied, urging him not to decline, promising him the refusal of the land, when it should be offered for sale, if he would act as his agent and friend.

Newton also wrote to Colonel Stafford to look after the land, and to urge Beckom to continue to hold it, and if he still declined, to try to get some one else to do so. Stafford went to see Beckom on the subject, and Beckom still declined

to hold the land as Newton's agent, and Stafford failed to get any one else to do so, and so wrote to Newton.

Beckom was in possession of the land at the time suit was commenced, and pending the suit he died, and his wife, who was his executrix, was made party in his stead.

Upon this state of facts the jury returned a verdict for the defendant, and the plaintiff prosecutes this writ of error to reverse that judgment, on the ground that it is erroneous.

VASON, DAVIS & COMPANY, for plaintiff in error.

P. J. STROZIER, contra.

By the Court—LUMPKIN, J., delivering the opinion.

Was the deed from Levin Irving to Burwell Russell absolutely void ? We have repeatedly held, and it is the settled law of this Court, that an administrator may purchase at his own sale, and that his title was not void but voidable. The heirs might disaffirm it in a reasonable time. Is this case different from that ? In fact is it not, if anything, stronger? A sale by an administrator to himself may lead to more mischief than a sale to a co-administrator. But in either case, the heirs having the right to repudiate; if they fail to do so in a reasonable time, the sale is good.

Has there been a repudiation in this case ? The sale was made in 1825 after leave being obtained from the Court of Ordinary in the usual way. Elizabeth Oneal, the only heir-at-law, sold to Mr. Newton in 1849, twenty-four years thereafter. The proceeds of the sale of the land was immediately and specifically returned to the Court, and Mrs. Oneal received her distributive share of the estate, including the price of the land through her husband. The administrators in 1826, under the usual citation, were discharged from their trust in 1826, and we hear no complaint from Mrs. Oneal until 1849, when having been divorced for many years from her husband she undertakes to sell the land to Mr. Newton. She had nothing to convey, and she is estopped, not only by the long acquiescence, amounting to a quarter of a century,

but by the receipt of the purchase money, from setting up title adverse to the administrator's sale, and if the case had rested here, the verdict must have been for the defendant in ejectment.

In 1850 Mr. Solomon Beckom took a lease on the land from Mr. Newton, to continue upon the terms therein specified until terminated by Mr. Newton. In the spring of 1851 he became dissatisfied with the lease, and a correspondence ensued between him and Mr. Newton, the latter urging him to hold on to the lease, and promising him if he did, he should have the refusal of the land when sold. Mr. Newton wrote to an attorney, Mr. Stafford, to persuade Mr. Beckom to take possession of the land, and that if he would not, to lease the land to some one else. It does not appear that it was leased to any body else, neither does it appear when Beckom went into possession. He was found living on the land in 1853 when the writ was served. The fair presumption is, that he went into possession under the lease from Newton, as he did not acquire title from the heirs of Burwell Russell until 1854, pending the action.

Can he repudiate the title of his landlord, good or bad, until he surrenders up the possession? We think not. And upon this view of the case we are constrained to reverse the judgment, although the case, upon its merits, is clearly with the defendant.

Let the judgment be reversed.