WM. GLEATON, plaintiff in error, *vs.* MARY A. GLEATON, defendant in error.

After one has rented land from another, she cannot, while in possession, set up title as against her landlord.

Although one defends as administratrix, when it appears to the Court that she is individually the real party, and that the transaction about which testimony is required was with her personally, the plaintiff can testify in his own behalf, under the act of 16th of December, 1866.

Proceeding against tenant holding over. Tried before Judge SPEER. Newton Superior Court, March Term, 1868.

On the 9th of January, 1867, William Gleaton sued out a

warrant against Mary A. Gleaton, as his tenant in possession, averring that her term had expired, and she refused to give him possession of the premises.

She made a counter affidavit, denying that she held said premises under him, (or under any one holding under him,) by rent or lease, and setting up in her affidavit that she held the same as administratrix of Wm. H. Gleaton, deceased. The sheriff returned the papers to Court, and this issue, thus made, was tried.   The plaintiff read in evidence a deed made on the 11th of October, 1854, from Simeon Thompson, conveying said premises to the plaintiff.   Plaintiff had been examined by commission, to which was attached the originals of three rent notes made by Mary A. Gleaton, and payable to plaintiff for $50 00, $107 00 and $200 000, respectively, dated the 26th of December, 1862, the 4th of March, 1864, and the 4th of March, 1865, respectively, in the order stated, each due on the 25th of December next after its date, and each expressing that its consideration was the rent of the said premises, whereon Mary A. Gleaton then resided.   His answers were offered to show that defendant made and delivered to him said notes, that she was his tenant, occupying said premises during 1863, 1864 and 1865, that her term had expired, and that upon demand made by him, she had refused to give to him the possession of said premises.   The defendant, contending that the real defendant in the cause was Mrs. Gleaton, in her capacity as administratrix of her deceased husband, Wm. H. Gleaton, and not as an individual, objected to the reading of said answers to the jury, and the objection was sustained.

Defendant's father was examined to prove the signature of said notes.   He did not know her handwriting.   While on the stand, he testified that plaintiff gave the premises in dispute to said deceased, that deceased lived there two years before he married, and that defendant had lived there ever since the marriage.   Plaintiff then examined the defendant, who said she signed said notes.   She also testified that she married deceased eight years ago, that he had lived on the premises in dispute two years before their marriage, and that she had

lived there ever since the marriage; that she had heard plaintiff's wife say that plaintiff had given said premises to her husband, and plaintiff, hearing the remark, said "yes," etc.; that her husband had a negro woman on the place, who left the day they were married; and that he also had a negro woman there whom he hired from plaintiff, and that deceased died in 1862. Plaintiff then read said notes to the jury, and again offered his interrogatories for the purpose of proving the demand and refusal, etc., and that he had never parted with the title of the land. The objection was renewed and again sustained.

Mrs. Gleaton was re-examined, and testified that after 1865, and before this suit was commenced, the demand was made both by plaintiff and by his son, James, (each claiming title in himself,) and that she refused to give possession to either of them. Plaintiff closed.

Several witnesses were examined, who detailed conversations with plaintiff, and acts going to show the gift to said Wm. H., and one said, plaintiff said he had given said premises to his son Wm. H., and gave as a reason for buying another tract of land that he wished it for another son, in order to give him as much as he had given said William H. This was objected to because William H. was not a party, because the contract for rent was made with defendant after the death of William H., and she could not deny plaintiff's title, because title to lands could be conveyed only by writing, and because what plaintiff had given his other children was irrelevant. These objections were overruled.

Defendant then offered to read in evidence the note given by William H. to plaintiff for the hire of said negro woman. It was objected to, as irrelevant; the objection was overruled, and the note was read to the jury. It was dated 24th March, 1862, and was a promise to pay plaintiff, or bearer, $100 00 "for hire of Jim," on the 25th of December, 1862.

Defendant then read in evidence letters of administration to Mary A. Gleaton, defendant, on the estate of William H. Gleaton, deceased. They were dated 7th January, 1867. They were objected to as irrelevant, but the objection was

overruled. After argument had, the Court charged the jury, amongst other things, as follows: "It is not universally true, as contended for by plaintiff's counsel, that title to real estate in Georgia can only be evidenced by writing. There may be other evidence of title as conclusive as that which is signed, sealed and delivered. For instance, the exclusive possession by a child of lands belonging originally to a father, without payment of rent for the space of seven years, shall create conclusive presumption of a gift, and convey title to the child, unless there is evidence of- a loan, or of a claim of dominion by the father, acknowledged by .the child, or a disclaimer of title on the part of the child.

But the question before you is not one of title. The plaintiff claims that he is the landlord or proprietor of the premises in dispute, that the defendant is his tenant, that the term of rent has expired, and that he has demanded the premises, and she refuses to surrender. If you believe, from the evidence, that defendant is the tenant of plaintiff, then she can not deny his title as landlord, no matter how imperfect it may be, while she remains in possession. If she is his tenant under a contract for rent, and the term has expired, and possession has been demanded, then plaintiff is entitled to recover. But if the respondent, while claiming title to the premises, has been induced to attorn to the plaintiff by his misrepresentations, and gave her notes for rent in ignorance of her rights, a tenancy thus created is not binding upon her, and she may defend her possession by showing she holds otherwise than as a tenant."

The verdict was for the defendant.

A new trial was moved for, upon the grounds that the Court erred, 1st. In rejecting plaintiff's answers to the interrogatories. 2d. In allowing the evidence of plaintiff's declarations that he had given the premises to his son, William H. Gleaton. 3d. In allowing the evidence of plaintiff's gifts to his other children. 4th. In allowing the note for negro hire read. 5th. In permitting the tenant to deny plaintiff's title, and set up adverse title, without giving up possession to him. 6th. In his charge as to defendant being induced

by misrepresentations to attorn to him, the same being hypothetical. 7th and 8th. Because the verdict is contrary to law and the evidence, etc., etc.

The motion was overruled, and a new trial refused.

The assignment of errors is the same as set forth in the motion for new trial.

J. J. FLOYD, for plaintiff in error.

CLARK & PACE, (by the Reporter,) for defendant in error.

HARRIS, J.

The defendant, Mary Ann Gleaton, had rented for several successive years a body of land of the plaintiff, and had given, annually, her notes for the rent, until, for the last year of her occupancy, she failed to give her note. Upon the expiration of the year, failing to pay, and holding over, William Gleaton, her landlord, instituted a legal proceeding to obtain possession, when she set up, as an answer to his demand, that the right and title, as also the possession of the land, was in her deceased husband at the time of his death, and that the plaintiff, having acquired possession of the land deceptively, she had been misled by the artifice of plaintiff, so as to rent the land from him, and into an admission of his right of possession. The principle upon which such a defence to such a proceeding is denied, is too old and familiar to need repeating. If she has been wronged by the plaintiff, the law will furnish her a remedy; but it does not allow a trial of title, as she sought, to be had in a collateral proceeding—a proceeding involving only the right of possession.

By the affidavit interposed by her, and signed as administratrix, the impression seems to have been made upon the Judge below, that the contract of rent had been made with her deceased husband, and, consequently, he excluded Wm. Gleaton, when he offered himself, from testifying, as incompetent, under the Act of 1866, but when, in the progress of the case, it became apparent that the contract of rent had been made with her, it was error in the Court any longer to

refuse, as he did, to allow plaintiff to testify.  A preliminary investigation, made by the Court, in advance of any decision as to the competency of a party to testify, will be found the effectual preventive against such errors as those complained of.

Judgment reversed.