MARTHA F. SMITH, plaintiff in error, *vs.* THOMAS J. GRAN-
BERRY, *adm'r*, defendant in error.

1. A purchase by an executor at his own sale is not void, but only void-
able at the option of the legatees, their election to be made within a
reasonable time, and an executor who takes possession of land so pur-
chased, and claims it as his own, and places a tenant upon it, has
adverse possession. And if he makes a marriage contract after he
places the tenant upon the land and thereby, in consideration of mar-
riage, conveys to his intended wife a life-estate in the land, to com-
mence at his death, and the marriage is solemnized and he dies soon
after, leaving the tenant on the land, he becomes the tenant of the
widow, and has no right to attorn to the administrator with the will
annexed of the original testator, who has no right to interfere in a pro-
ceeding by the widow to dispossess her tenant who is holding over.
If such administrator or legatees wish to assert their title it should be
done by an action of ejectment or other proper proceeding for that
purpose, to be commenced against the widow or her tenant in posses-
sion.

Equity. Landlord and tenant. Administrator buying
at his sale. Decided by Judge GREEN. Monroe Superior
Court. February Term, 1869.

The will of James Hogan, deceased, was as follows :
" After paying my just debts I give to my beloved wife,
Elizabeth Hogan, all my estate, both real and personal,
during her natural life, and at her death I wish it, with the
increase, to be equally divided, and one-half given by my
executors to the lawful heirs of the body of my daughter,
Eveline Scarborough, and the other half I wish given, the
use of it, to Emeline Granberry, during her natural life, and
at her death to be given to the lawful heirs of her body.
If my wife should at any time think proper to give any por-
tion of my estate thus bequeathed to the legatees above named,
I wish her to do so, only at her own discretion through and
by my executors." Davis Smith and testator's wife were the
nominated executors. Smith qualified, took possession of the
estate, and assented to Mrs. Hogan's taking possession of the
" Hogan place," six hundred and eighty-five acres of land
in Monroe county, Georgia, under said will. She lived there

until her death.  Then Smith, as such executor, either without an order from the Court of Ordinary for the sale of the "Hogan place," or, if he had one, it was obtained by representing that the sale was necessary to pay debts, when in fact testator owed nothing, advertised said place for sale.  Granberry, in behalf of himself and his wife and his children, and the other remaindermen, importuned Smith not to make such sale, but to no purpose.  The terms of sale were kept secret till the time for selling; then Smith announced that he would sell it for cash, payable in gold, and would not wait twenty-four hours for any one to raise the gold.  He knocked off the place to one Hollis, Hollis not having bid for it. This pretended sale was on the first Tuesday in December, 1866.  On the 28th of January, 1867, Smith, as such executor, made a deed purporting to convey to Hollis said place for $2,400 00 in cash, and on the 30th of said January Hollis made a deed reconveying it to Smith, *in propria persona*, at the same price.

Smith, on the 19th of November, 1867, made an antenuptial contract with Mrs. Lanier, of Bibb county, by which, in consideration of their marriage, he conveyed to her said place during her life, upon certain terms, remainder to certain of his children.  They were married on the same day.  Smith rented out said place as his own to one Floyd for a term, and afterwards died.  When the term had expired, Mrs. Smith, claiming under the marriage settlement, demanded the possession of the place, and Floyd refused to give it to her.

Meanwhile, Granberry had taken out letters of administration *de bonis non, cum testamento annexo*, on Hogan's estate, and claimed said place, and had Floyd to attorn to him as such administrator.  Mrs. Smith made her affidavit against Floyd to turn him out, as a tenant holding over, and he met it with a counter affidavit, averring that he did not hold under her.  She also sued him for the rent in arrear.

When these cases were called for trial Granberry, as such administrator, and to protect the rights of the remaindermen under Hogan's will, by bill against her and Floyd, brought these matters to the notice of the Chancellor, averring that

Smith *vs.* Granberry, adm'r.

said conduct of Smith, as to the sale of the place, was but a purchase by himself at his own sale, and a fraudulent contrivance to get title to the place in himself, and therefore his title was void, and he conveyed no title to Mrs. Smith ; that Floyd was in law the tenant of Smith, as executor and by succession, at Smith's death, of Granberry as administrator, and prayed that she be restrained from further litigation with Floyd in the premises or recovering rent from him, and that the deeds and her marriage settlement should be cancelled, because they were clouds on his title as administrator.

The injunction was granted temporarily with order to show cause why it should not be permanent. Mrs. Smith answered the bill, averring that she had no notice of any of the matters set out in said bill when she married Smith, in consideration of his giving her a life-estate in said " Hogan place." Her counsel objected to further injunction upon the ground that there was no equity in the bill, or, if there was, it was sworn off by the answer. The Chancellor continued the injunction, and that is assigned as error on each of said points.

LANIER & ANDERSON, R. P. TRIPPE, for plaintiff in error.

CABANESS & PEEPLES, for defendant in error, said there was a vested remainder in the daughters of Hogan : 4th Ga. R., 380 ; 7th, 519 ; 19th 261 ; 26th 515 ; that therefore Smith, as executor, had nothing to sell ; that Mrs. Smith should have inquired as to Smith's title : Hill on Trustees, 513 ; 2 Chan. Cases, 246 ; 1 Ambler, 241 ; 1st Wash. R., 141 ; 4 H. and M., 119 ; 1st John. Ch. R., 574 ; L. C. in Eq., vol. 2., pt. 1–103 ; 4 Binney, 145 ; the doctrine of purchaser was without notice does not apply : 16th Ga. R., 190 ; as to the right to set aside said sale, 8th Ga. 266 ; 9th, 164 ; 12th 595 ; 22d, 637 ; 30th, 780, etc., etc.

BROWN, C. J.

1. The will of James Hogan gave to his wife during her natural life, all his estate, both real and personal, and at her death the estate, with the increase, to be equally divided, and " one-half given by his executor," to the lawful heirs of the body of one of his daughters, and the use of the other half to his other daughter, during her natural life, and at her death to go to the lawful heirs of her body. The will then contains this clause : " If my wife should at any time think proper to give any portion of my estate thus bequeathed to the legatees above named, I wish her to do so only at her own discretion, *through* and *by* my executors." *Held*, that the assent of the qualified executor to the life-estate of Mrs. Hogan did not divest him of further control over the estate. But at her death it was the right and duty of the executor to take possession of the estate with its increase, if any, and to administer it according to the directions in the will, and, as there were no specific legacies, the Ordinary, on the application of the executor, had jurisdiction to order a sale for the purposes of distribution, in conformity to the will, the vested interest of each remainderman being an interest in a certain proportion of the estate, and not a vested interest in any particular tract of land, or piece of personal property.

2. The executor, after the death of the widow, having taken possession of the lands of the estate, and having obtained an order from the Ordinary for the sale of the same, for the purpose of distribution among the legatees, and, after legal advertisement, he having sold the same, at the proper time and place, and having, through Hollis, purchased the land at his own sale, and after making a deed to Hollis the land, on the second day thereafter, having been reconveyed to him by Hollis by regular deed : *Held*, that the purchase by the executor was not void, but was only voidable at the option of the legatees, provided they so elected within a reasonable time. And the executor after said sale, having claimed and occupied the land as his own, thereby acquired an adverse

Smith *vs.* Granberry, adm'r.

possession of the same, and a tenant placed upon the land by the executor after his purchase was his tenant, and such tenant could not change his landlord by attorning to the administrator *de bonis non,* etc., of the estate of Hogan.

3. The executor, after his purchase while he had a tenant upon the land, entered into a marriage contract with the plaintiff in error, and conveyed to her a life-estate after his death, in consideration of marriage, without notice to her of the nature of his purchase ; the marriage was then solemnized, and in a few months he died, leaving the tenant upon the premises, and his widow commenced action against the tenant for rent and a proceeding to dispossess the tenant holding over : *Held,* that the tenant became her tenant on the death of her husband, and the administrator *de bonis non* of the estate of Hogan had no right to interfere in this litigation, or to maintatn a bill in equity to enjoin her action against her tenant, the more especially as she resided in Bibb county, and the litigation between her and her tenant was pending in Monroe, where the bill was filed. If he, or the legatees of Hogan had paramount title, the litigation between plaintiff in error and her tenant did not in any way interfere with their right to commence their action of ejectment or other proper proceeding for the recovery of the land.

The foregoing propositions contain the substance of my reasons for the unanimous judgment of the Court in this case, which is that the judgment of the Court below be reversed.

McCAY, J., announced his concurrence from the bench as follows : If property be demised to A for life with remainder to B and C, and the executor deliver possession of the estate to A, who enters upon the full enjoyment of the life-estate, she holds it for herself and the remaindermen. And any duty, (as to divide the estate or the like,) put upon the executor by the will, after the determination of the life-estate, is a special trust, and forms no part of his duty as executor, and the supervision of it does not belong to the Court of Ordinary, but to the Superior Court.

Where one is in adverse possession of land, against the true owner, and rents it to a tenant, avowedly in his character of adverse holder, the tenant cannot attorn to the true owner or deny the adverse possession of his landlord.