A. F. BURNETT & BROTHER, plaintiffs in error, *vs.* WILLIAM RICH & COMPANY, defendants in error.

(BY TWO JUDGES.)—One renting real estate from another cannot deny the right of the other to rent, so long as he is not disturbed in the possession; and this is true, even if a mere renter let to a third person, the dissent of the landlord not appearing affirmatively. 12th March, 1872.

Landlord and Tenant. Estoppel. Before Judge HOPKINS. Fulton Superior Court. April Term, 1871.

William Rich & Company sued out a distress-warrant for rent against A. F. Burnett & Company. They made affidavit simply that no part of the sum distrained for was due to

William Rich & Company. Thereupon, the case was returned to Court for trial.

On the trial, plaintiffs put in evidence a promissory note for the sum distrained for, signed A. F. Burnett & Company, payable to plaintiffs. It did not appear on its face to be for rent. One of the plaintiffs testified that his firm had rented a store and basement for two years, by written lease, from Angier & Gaskill, and after that term was out, held them, under the old arrangement, for an indefinite time, and while so holding them, rented the basement to defendants for said sum and took their said note therefor, and that their term did not expire during defendants' term. Defendants' counsel moved to dismiss the warrant because, from the evidence, plaintiffs could not have a distress-warrant for rent against defendants.

M. J. CLARK, for plaintiffs in error.

L. E. BLECKLEY; S. WIEL, for defendants.

McCAY, Judge.

We think the argument of the plaintiffs in error, though very ingenious and elaborate, makes entirely too much of section 2253 of the Revised Code. It is not necessary, as we think, in this case to declare exactly how far that section changes the common law *idea of a tenant.* For *myself,* I am inclined to think it was only intended to declare that the case there put made a case of the relation of landlord and tenant, and not to say that the relation existed only in such a case.

The facts of this case show that the defendants in the action, in fact, rented their premises from the plaintiffs; that they went into possession *as tenants* of the plaintiff. The common law rule, as well as our Code, section 2257, is that the tenant cannot dispute the title of his landlord. It is no reply to say that he is no tenant. The reason of the rule is that one who goes into possession, under another, shall not be permitted to deny the character in which he went in.

Had the Court, in this case, charged the jury that, if defendant in fact went into possession, recognizing plaintiff as his landlord, he is estopped from denying the relation, would not the jury have been bound, under the evidence, to find for the plaintiff? In other words, if the defendants rented this property of plaintiff, as a landlord, then they are estopped from saying he was not a landlord, whatever may be the truth of the case. We do not say this was not in truth a case of landlord and tenant. We think, as we have said, too much is proposed to be made of section 2253 of the Code, but we decide this case on the ground that defendant is estopped.

Judgment affirmed.