BECKHAM *et al. v.* MAPLES.

A son who enters into possession of land as a tenant of his father, thereby admits the title of the latter; and where subsequently to the father's death he remains in possession in subordination to a claim of title upon the part of his mother, and occupies the premises by her permission, he thereby admits title in her. If the mother thereafter make a will devising to the son a life-estate, with remainder over to his children, the remaindermen, at the termination of the life-estate, may, upon the devise of their grandmother, supported by the presumption of title resulting from her possession by her son, who became at her death the life-tenant, recover in ejectment their respective undivided interests against any person holding adversely to them the premises so devised.

April 15, 1895.    Brought forward from the last term.    Code, §4271(a-c).

Complaint for land.    Before Judge HUNT.    Pike superior court.    March term, 1894.

J. S. POPE, by J. M. TERRELL, for plaintiffs.

E. F. DUPREE and J. F. REDDING, for defendant.

ATKINSON, Justice.

The plaintiffs in this case brought ejectment against the defendant. No paper title was exhibited, save only the will of their grandmother, the second item of which devised as follows: "I give and bequeath to my son William C. Beckham, for and during his life, and after his death to go to and be equally divided among all of his children born and to be born, share and share alike, the lot of land whereon my said son now resides, believed

to be No. 255 in the 8th district of said county." These were the premises in dispute. William C. Beckham was the father of these plaintiffs, and during his lifetime surrendered the possession of the property in dispute to the defendant in this case. It appears from the record, that the father of William C. Beckham was in possession of said property, had been in possession thereof for a great many years, and that William C. Beckham, his son, went in as a tenant of his father; that his father died while he was in possession, and thereafter he continued in possession as the tenant of his mother, who by her will, as above stated, had devised to him a life-estate, with remainder over to these plaintiffs. After the death of William C. Beckham, these plaintiffs as remaindermen brought an action to recover the premises, and, upon proof of the facts above stated, they were nonsuited by the court. To the judgment awarding a nonsuit exception was taken, and upon writ of error thereon, the case is now here for review.

We think the presiding judge misconceived the legal effect of the evidence submitted on the part of the plaintiffs. A person may recover land upon prior possession alone. Possession affords presumptive evidence of title. A tenant may not dispute his landlord's title. By his first entry in subordination to the possession and claim of title of his father, William C. Beckham admitted title in him, and after the death of his father, continuing in possession as the tenant of and attorning to his mother, he admitted title in her, and was estopped thereby to set up a title adverse to her claim until he had first surrendered to her, or her privies in estate, the possession of the premises. Whether he accepted the life-estate conferred upon him by the will or not, he could not convey the premises to another to the prejudice of his landlord and her privies in estate. He could not surrender the possession to another so as to divest

the title or possession of the landlord, and any surrender of the possession by the tenant to another would be of no effect as against the right of the landlord to re-enter. If he accepted the devise of the life-estate made in his favor, as contained in the will of his mother, he could convey no greater interest than he took under the will. Under the will, he had the right to sell his life-estate and surrender the possession, and during the continuance of his life his vendee would be entitled to his possession. Upon the termination of the life-estate, the right of entry was complete in the remaindermen. They brought their action within seven years after the eldest one of the plaintiffs became of age, and were therefore not barred by the statute of limitations, conceding even that prescription would run in favor of the present possessor against the landlord of the original tenant, from whom he acquired his possession, and her privies in estate. We conclude, therefore, that the judgment of nonsuit was erroneous, and the same is accordingly  *Reversed.*