## DASHER *v.* ELLIS.

1. Parol evidence of the contents of a lost deed is inadmissible without proof that such deed has been properly executed.

2. Where a grandfather has made a parol gift of land to his grandson who is a minor at the time, and the father enters into possession of the land for his son, such possession will enure to the benefit of the son, and can be made the basis of a recovery in an action against one holding adversely.

3. A tenant can not dispute his landlord's title without first surrendering possession to the landlord.  A possession which originated under the relation of landlord and tenant can not be the basis of a prescriptive title as against the landlord and those claiming under him.

4. The charge of the court fairly covered the issues in this case under the ruling of this court when it was here before (101 *Ga.* 5), and there was no error in overruling the motion for a new trial.

Argued February 4, — Decided March 5, 1898.

Ejectment. Before Judge Felton. Bibb superior court. April term, 1897.

*Dasher, Park & Gerdine* and *Hardeman, Davis & Turner*, for plaintiff in error.

*Ryals & Stone*, contra.

LEWIS, J. This was an action of ejectment, brought March 28, 1893, on a demise from Eliza Johnson et al. against Mrs. A. L. Dasher, as tenant in possession. By an amendment filed February 19, 1894, and allowed June 24, 1895, a demise from Thomas B. Ellis was added. Besides the general issue, the defendant pleaded that she was in adverse possession of the land in dispute, in her own right and under color of title, for seven years prior to the commencement of the suit; and that the plaintiff's right of action was barred, because more than seven years had elapsed from the date of the alleged trespass by the defendant to the bringing of the action. The case first came to this court upon exceptions to the grant of a nonsuit, and the judgment of the court below was reversed. 101 *Ga.* 5. Another trial was then had, and resulted in a verdict for the plaintiff for the land in dispute, and rents. There was testimony that J. E. Ellis took possession of the land in 1872 for Thomas Bagby, his father-in-law, and that in 1876 Bagby made a gift of the land to Thomas B. Ellis, plaintiff in the present case, who was a son of J. E. Ellis, and was then a minor; and J. E. Ellis thereafter held possession for Thomas B. Ellis, and in 1884 built a house upon the land, which he rented to John Walker, who went into possession with his wife, Lizzie Walker, she likewise attorning to Ellis as landlord by paying him rent. The parties upon whose demise the suit was originally brought were heirs of Bagby. The plaintiff's claim was based upon an alleged prior possession of J. E. Ellis for his said minor son. The defendant claimed under a deed from Lizzie Walker, dated May 12, 1890, and introduced evidence whereby she sought to show

that when Lizzie Walker moved upon the land she did so in her own right, and that prior to the time when Ellis claimed to have taken possession of the land, Pompey Hunter was in possession of it claiming it as his own, and that Lizzie Walker held it under a deed from him to John Walker, and under a deed from John Walker to her; also under a sheriff's deed made in 1884. The motion for new trial was upon the general grounds that the verdict was contrary to law and evidence, and that the court erred as follows: (1) In ruling out the following testimony of Arthur Dasher, offered by the defendant: "I had a deed from Pompey Hunter either to John or John and Lizzie Walker. I think it was for three fourths of an acre. That deed with some other deeds and some tax fi. fas. were handed by Mr. Dessau at the other trial to Messrs. Ryals & Stone, who were on the other side. When the mistrial was declared search was made for this deed, but it could not be found. The deed was not recorded, and I do not remember the witnesses thereto." (2) Because the court erred in the following charge: "If he [plaintiff] was in possession of it [the land] by his father, and that possession of the father was at the time the possession of the son, and as agent of the son, then he would be entitled to recover on that prior possession, and the son would not be barred, provided, of course, you find the defendant has not established any contention as to that title or possession which I have stated to you." (3) In charging: "Ellis claims he rented the house to Lizzie Walker and John Walker for so much a month, and that in that way they went in possession. If that is true, that is to say if Ellis rented the house and lot, acre of ground, for four dollars a month to the Walkers, and they went in possession as tenants of Ellis, they can not dispute his title, nor anybody claiming under them in this case, if that is the way they went into possession of this title." The motion was overruled, and defendant excepted.

1. The plaintiff in error sought to prove by parol testimony the contents of a lost deed. It was simply offered to show by the witness that he had seen such a deed, and no evidence whatever was tendered to show that it had been duly executed. In fact, it does not appear from the testimony objected to that

the deed which the witness had seen covered the land in dispute. It is a well-established principle of law, that to justify the admission of secondary evidence as to the contents of a lost deed, not only the existence of the deed must be shown, but it must be shown to have been properly executed. *Bigelow* v. *Young*, 30 *Ga.* 121; *Durham* v. *Holeman*, 30 *Ga.* 619; *Eaton* v. *Freeman*, 63 *Ga.* 535; *Calhoun* v. *Calhoun*, 81 *Ga.* 91.

2. We think the principle announced in the second headnote was virtually ruled when this case was here before. It was then decided that the plaintiff had a right of action upon his prior possession, and as that possession, under the facts of the case, was necessarily through the father, it follows that the court must necessarily have implied in its decision that this holding of the father enured to the benefit of the son. Disabilities growing out of minority may often be pleaded to protect the minor's rights, but never to defeat them. Section 3565. of the Civil Code settles the question that a parent, guardian, or friend may accept a gift for an infant.

3. It was insisted by counsel for plaintiff in error, that she and her immediate grantor had been in adverse possession of this land under color of title for more than seven years prior to this suit, and that defendant in error knew of this adverse holding when it began, and his action was therefore barred by the statute of limitations. It is a mistake to undertake to apply the principles of limitation acts to ejectments or complaints for the recovery of land. There is really no statute of limitations applicable to such suits. It is true that an adverse holding of realty, upon certain conditions and for certain lengths of time, will operate to defeat a recovery by any one who may hold even a perfect paper title to the premises. The law declares in such a case the prescription thus acquired to be paramount title. But if the adverse possession upon which the claim of prescriptive title is based is founded in actual fraud, no lapse of time will bar the real owner of a right to recover. The statute of limitations commences to run when the right of action accrues. The right of an owner of land to sue for the recovery of the same begins as soon as it is held adversely to him, but it never ends as long as the possession of

the party is based upon a fraudulent entry, it matters not if the plaintiff knew of the fraud and the adverse holding in its very inception. In *Cowart* v. *Young*, 74 *Ga.* 696, Justice Blandford delivering the opinion of the court said: "It is now too well settled in this State to require argument or demonstration, that if a person takes possession of land which he knows does not belong to himself or any one from whom he purchases, no prescription will run in his favor, however long he may hold the possession of the same. His possession, under these circumstances, originated in fraud, and time will not cure or sanctify the fraud."

In an ejectment suit the question is, who has the *title* to the premises recognized by the law to be *paramount?* This title may be founded either upon possession or upon written instruments. When the possession is acquired by virtue of the relation of landlord and tenant, the latter can not set up his adverse holding against the landlord as a basis of a prescriptive title, without first surrendering possession of the premises to the landlord. The reason for the rule is patent: first, because the tenant can not dispute the landlord's title; and secondly, because possession thus acquired by a tenant becomes fraudulent the moment it is adverse, and therefore can not be the basis of prescription. Plaintiff in error, among other authorities, relies upon the case of *Spalding* v. *Grigg*, 4 *Ga.* 75, in which this court held that possession may become adverse by a claim of title by the tenant brought home to the knowledge of the owner. By an examination of that case, however, it will be seen that it was an action of trover for the recovery of negroes against an administrator. It was claimed by the plaintiff that the possession of the intestate was simply permissive for her life, and that therefore the statute of limitations requiring such suits to be brought in four years did not operate. The court simply ruled that the defendant's intestate had to bring notice of adverse holding home to the owner, before the statute began to run. The case of *Morgan* v. *Morgan*, 10 *Ga.* 297, was likewise a suit involving personal property where a plea of the statute of limitations had been filed. The case of *Pace* v. *Payne*, 73 *Ga.* 670, simply decides that

where one holds property as trustee for another, prescription does not run against him until notice of adverse holding is given. It is obvious, therefore, that these decisions cited and relied upon by plaintiff in error do not bear upon the question we are now considering.

In the case of *Newton* v. *Beckom*, 33 *Ga.* 163, it was held that "A tenant can not repudiate his landlord's title until he surrenders up to him the possession of the premises." This was an ejectment suit involving title to land, and the defendant having gone into possession as a tenant under lease, it was held that he could not repudiate the title of his landlord, good or bad, until he surrendered possession. In *Ronaldson* v. *Tabor*, 43 *Ga.* 230, one pending his lease of the premises bought title of another whom the landlord admitted owned the land. It was held that the tenant was estopped from thus setting up title against his landlord. In *Cody* v. *Quarterman*, 12 *Ga.* 386, it was ruled that one may recover in ejectment on the admission or proof of title growing out of his relation as landlord to the defendant as tenant. In *Lewis* v. *Adams*, 61 *Ga.* 559, which was a complaint for land, it was held that "As the tenant can not dispute the landlord's title, neither can his heirs do so, while retaining the possession which he held and standing solely on his right. What would estop him will, in such circumstances, estop them." The same rule is substantially announced in the case of *Richardson* v. *Harvey*, 37 *Ga.* 224; *Hawkins* v. *Dearing*, 93 *Ga.* 110; *Beckham* v. *Maples*, 95 *Ga.* 773; *Sparks* v. *Conrad*, 99 *Ga.* 643.

It was contended, however, by counsel for plaintiff in error, that she was a bona fide purchaser of the land from Lizzie Walker, and that her possession was not tainted with any element of fraud. This suit was brought in less than seven years after the possession of plaintiff in error began; and in order to make out the prescriptive title, it was necessary for her to tack on to her possession that of her immediate grantor, Lizzie Walker. It is a well-settled rule of law that one who relies on title by prescription can not tack to his own possession that of prior holders of the property, unless he shows possession of the latter not to have originated in fraud or in bad faith. *Worthy*

v. *Kinamon*, 44 *Ga.* 297 ; *Hammond & Hinson* v. *Crosby & Co.*, 68 *Ga.* 767 ( 3 ).

4. The evidence in this case was conflicting. The jury accepted as true the testimony offered by the plaintiff in ejectment, and this was sufficient to authorize a recovery. The charge of the judge fairly covered the issues under the ruling of this court when the case was here before, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*