## GRIZZARD v. ROBERTS.

1. The only proper parties to an issue arising under a warrant sued out to dispossess a tenant holding over are the alleged landlord and the tenant, and it was error to allow other persons under whom the tenant claimed possession to be made parties defendant to the proceeding.
2. A tenant can not dispute the title of his landlord and attorn to another while in the possession acquired by his contract of lease; and if after the expiration of his term he desires to contest the title of his landlord, he must first surrender the possession acquired from him.

Argued February 2,—Decided February 28, 1900.

Dispossessory warrant. Before Judge Candler. Campbell. superior court. February term, 1899.

*Hunt & Golightly,* for plaintiff.
*L. S. Roan* and *K. A. Nisbet,* for defendant.

LITTLE, J. Mrs. Grizzard sued out a warrant against Roberts as a tenant holding over, to dispossess him of a certain lot claimed by her. Roberts filed a counter-affidavit, and gave bond in terms of the law. When the case was tried, a verdict and judgment were rendered in favor of the defendant, and a judgment for cost entered against the plaintiff, who subsequently made a motion for a new trial on a number of grounds, and the . motion being overruled by the presiding judge, she excepted..

Mrs. Grizzard originally owned the house and lot. Vickery and Clifton had a claim against her husband, and according to their evidence they received from him certain property in payment of that debt, which articles Mrs. Grizzard subsequently purchased from them, and, in payment therefor and for a debt due another party which was to be paid by them, conveyed the house and lot, with an agreement that she should continue in possession for the year 1896. Mrs. Grizzard, however, gives another version of the transaction. She says that she made the deed to secure a debt which her husband owed Vickery and Clifton, and did not sell the place at all, but that, in consideration of the payment of the debt by the conveyance of her land, she was to have a bond for titles and a reconveyance of the land to her when she paid up the debt, and it was agreed that she was not to surrender possession at all. So that there is an issue between Vickery and Clifton and Mrs. Grizzard as to whether in law she had ever parted with the title. The parties differ materially as to the ownership of the property. It appears that there is but little difference between them as to the other facts. Mrs. Grizzard testified that she rented the house and lot to Roberts for the year 1896, and his term was to expire January 1, 1897; and she asserts that she again rented him the house for 1897 on the same terms, and that he failed to pay any rent at all for that year, and she sued out the dispossessory warrant. Roberts testified that he rented the place from Mrs. Griz-

zard for the year 1896 for a stipulated rent, which he paid. He heard that Mrs. Grizzard had made a deed to Vickery and Clifton, and he rented the place for 1897 from Vickery. He did not consult Mrs. Grizzard about renting from Vickery, and she never agreed that he should do so. In December, 1896, she desired him to rent for 1897, but he would not do so, but said that if he rented from her he would pay her the rent; but he never did agree to pay her rent for 1897, nor did he ever rent from her that year. This witness testifies that when the dispossessory warrant was sworn out he was holding under Vickery and Clifton; that he never changed possession, never got out of the house from the time he went there in January, 1896, until the end of 1897, never surrendered the property nor possession to her, but lived on in the house, changing his landlord from her to Vickery and Clifton; that after the 1st of January, 1897, he was not her tenant, consequently would not pay her any rent for 1897, and did not hold under her. This reference to the evidence is sufficient to make the point upon which we base our decision clearly understood. The motion for new trial contained several grounds, among them, that the court erred in allowing Vickery and Clifton to be made parties defendant in the case, which we will first consider.

1. We think that this action of the court was error. This was not a contest between Vickery and Clifton and Mrs. Grizzard to try title to this property. That could not be adjudicated in a proceeding of this character. The plaintiff sued out a warrant to dispossess a tenant whom she alleged was holding her property beyond his term. No question was involved upon this assertion except that of the right of possession. We are at a loss to know what Vickery and Clifton had to do with this issue. The sole question was, whether Roberts was holding beyond his term; and that was a question solely between Mrs. Grizzard who sued out the warrant, and Roberts who interposed the counter-affidavit. No one else having any interest in that question, it was clearly an error to allow Vickery and Clifton to be made parties defendant. She had no differences with them on the question she raised, nor could they interject into this summary process their assertion of title to the premises occupied by Roberts.

2. Another ground of the motion for new trial is, that the verdict is contrary to law. We think this ground is well taken. It is conceded that Roberts went into possession of the land under a contract for rent made by him with Mrs. Grizzard; that this contract was for the year 1896, and expired the 1st day of January, 1897. Without entering into the merits of the controversy between the parties as to what did or did not take place as to a renewal of the lease for the year 1897, it is our opinion that, having entered in 1896 under Mrs. Grizzard as his landlord, Roberts could not attorn to another while he remained in possession thus acquired. The possession of realty by a tenant is the possession of the landlord, that is to say, of the one who as landlord put him in; and it is a well-recognized principle, and one resting on the plainest principles of right, that a tenant is estopped from denying the title of his landlord. In his work on Landlord and Tenant, vol. 1, §232, Mr. Wood says: "It is a well-settled general rule, that a lessee can not deny the title of his landlord; and this rule applies whether the tenant was in possession before the lease was made or not. So long as he remains in undisturbed possession he is estopped from attacking the title under which he entered, unless his entry was induced by the fraud of the landlord or by a mistake in the execution of the lease, or unless the lease was made for purposes in violation of law. . . The fact that the lease is void, or that the lessor had no title whatever, or that the title was really in the lessee, and he was ignorant of the fact when the lease was made, will not change the rule." Mr. Taylor, in his work on Landlord and Tenant, vol. 2, §705, says that, "if a tenant has once recognized the title of the plaintiff, and treated him as his landlord, by accepting a lease from him, or the like, he is precluded from showing that the plaintiff had no title at the time the lease was granted," and that as a general rule "a tenant shall never be permitted to controvert his landlord's title, or set up against him a title acquired by himself during his tenancy, which is hostile in its character to that which he acknowledged in accepting the demise. And this rule extends to a tenant holding over, as well as to an under-tenant, assignee, or other person claiming under the lessee." It seems to us that the claim made

by Roberts in this case is defective in this particular. The question is the right of possession. Neither the title of Mrs. Grizzard nor that of Vickery and Clifton is to be enquired into any further than is necessary to illustrate that issue; and in no event will the merits of the title claimed by either be adjudicated. Now, it is clear that Roberts entered into possession under the authority of Mrs. Grizzard. She was, therefore, his landlord, and having accepted under her the possession which is now sought to be taken from him, that entry was an acknowledgment of her title, and whether his term had expired or not makes no difference; he retains the same possession which he originally acquired—that is, under her.

In *Williams* v. *Garrison*, 29 *Ga.* 503, this court recognized the principle that a tenant could buy up a title antagonistic to that of his landlord, but he could not assert it until after the termination of the tenancy and the redelivery of the land; and in the case of *McDowell* v. *Sutlive*, 78 *Ga.* 142, it was ruled that a tenant could not attorn to the plaintiff in ejectment and become his tenant, without having first surrendered the possession to the person under whom he held. In the case of *Burnett* v. *Rich*, 45 *Ga.* 211, Judge McCay, in delivering the opinion of the court, said: "The facts of this case show that the defendants in the action, in fact, rented their premises from the plaintiffs; that they went into possession *as tenants* of the plaintiff. The common-law rule, as well as our Code, . . is, that the tenant can not dispute the title of his landlord. It is no reply to say that he is no tenant. The reason of the rule is, that one who goes into possession, under another, shall not be permitted to deny the character in which he went in." In the case of *Tufts* v. *DuBignon*, 61 *Ga.* 328, it is said: "In the best view we can take of the case in reference to this important question, we conclude that, on this issue of possession alone, the title of the land-lord . . can not be disputed or attacked by the tenant . . ; but that he must surrender the possession of the land, as he agreed in the lease to do." In the case of *Richardson* v. *Harvey*, 37 *Ga.* 224, which was a proceeding against a tenant holding over, this court held that "neither the tenant nor those claiming under the tenant can deny or dispute the title of the landlord,

without first surrendering the possession of the rented prem-
ises to the landlord according to the terms of the contract." In
*Gleaton* v. *Gleaton, 37 Ga.* 650, the same doctrine is announced,
and in the opinion the court says: "The principle upon which
such a defense to such a proceeding is denied is too old and
familiar to need repeating. If she has been wronged by the
plaintiff, the law will furnish her a' remedy; but it does not
allow a trial of title, as she sought, to be had in a collateral pro-
ceeding—a proceeding involving only the right of possession."
In *Smith* v. *Granberry, 39 Ga.* 381, it was held that while one
is in possession of land as a tenant he has no right to attorn to
another who is claiming the right to control the property; and
in *Ronaldson* v. *Tabor, 43 Ga.* 230, after declaring the principle
that the tenant can not repudiate the landlord's title until he
surrenders up to him the premises, it is declared that "No prin-
ciple of the law is of more solid and comprehensive justice than
this—none which invokes a stricter and more rigid enforcement
at the hands of courts. The tenant, or his assignee, upon every
principle of justice and law, must not attorn to another nor set
up in himself a title in conflict with his landlord's, while in
possession of his property."

We think that, while authorities to the same effect may be
multiplied ad infinitum, these are sufficient not only to establish
the proposition that a tenant can not generally dispute the title
of his landlord, but also the further proposition that he can not
do so even where he remains in possession beyond his term, be-
cause the admission of his landlord's title must necessarily
extend during the whole time that he remains in the possession
first acquired. In the case of *Beall* v. *Davenport, 48 Ga.* 165,
while conceding this doctrine to be true, this court held that if
the vendor himself parts with the title, or if it be sold under
execution against him, the vendee may in good faith attorn to
the purchaser. In the opinion, Judge McCay puts the ruling
on the distinct ground that the purchaser is a privy of the land-
lord; he buys at the legal sale all the rights the landlord had;
he could turn the tenant out summarily. The ruling in this
case can not be held as authority against the propositions which
we have above laid down; for the record discloses that if Mrs.

Grizzard parted with her title at all, it was before she rented the premises to Roberts. If our reasoning be correct, the verdict of the jury was contrary to the law. The effect of the attornment of Roberts to Vickery and Clifton would be to change the possession of the property from Grizzard to Vickery and Clifton, because, as before said, the possession of the tenant is the possession of his landlord, and the effect of such action would be to put Vickery and Clifton in possession of the property, when, as a matter of fact, Mrs. Grizzard was herself in possession by her tenant. For the reasons given, a new trial ought to have been granted; and the judgment of the court below is *Reversed. All the Justices concurring.*