## HESTER *v.* KEEN.

EVANS, P. J.   1. The overruling of a demurrer to the petition is reviewable by exceptions either direct or pendente lite, and not by motion for a new trial.

2. In an action of complaint for land the defendant may confine the plaintiff's proof of title, as a basis of recovery, to that alleged in the abstract attached to the petition.   But where no objection is made to the reception of evidence tending to show that the defendant occupied the premises as tenant of the plaintiff, it is not error to instruct the jury that the defendant can not dispute the plaintiff's title until after surrendering possession.

3. In an action to recover land, the plaintiff introduced evidence tending to show that her grantor and the defendant exchanged lots of land, each surrendering to the other possession pursuant to the terms of the exchange; that after taking a deed from her grantor to the lot acquired from the defendant in the exchange, the plaintiff erected valuable improvements thereon; and that notwithstanding the defendant retained possession of the lot which he had received in the exchange, he entered into possession of the other lot, which is the premises involved in the suit.   The evidence left it in doubt whether any deeds were executed at the time the transfer of the possession of the properties was consummated.   Under these circumstances, the plaintiff had a perfect equity which she could assert against the defendant, and which would authorize a recovery of the land.   The charge of the court, though not strictly apt in expression, was in harmony with what is above announced, and was not harmful to the defendant.

4. The rulings complained of being without substantial error, and there being sufficient evidence to authorize the verdict, the judgment refusing a new trial will not be disturbed.

*Judgment affirmed.   All the Justices concur.*
JUNE 13, 1914.

Complaint for land.   Before Judge Hawkins.   Laurens superior court.   February 3, 1913.

*J. S. Adams* and *Hines & Jordan,* for plaintiff in error.
*W. C. Davis,* contra.