BRINKLEY, trustee, *v.* NEWELL *et al.*

No. 12755. SEPTEMBER 15, 1939.

*Talmadge, Fraser & Camp,* for plaintiff.

*Giles & Peters* and *Devereux Lippitt,* for defendants.

REID, Chief Justice. H. B. Brinkley, as trustee of Bethany Baptist Church, brought the present action against George R. Newell and Wright Smith, seeking to have a certain deed executed by the plaintiff and Smith to Newell, as trustee for said church, canceled as a cloud upon the church's title to said property, and to enjoin Newell "from asserting or claiming title to said church property," and "from instituting any distress or legal proceedings for the purpose of dispossessing said congregation from said church building and property." The petition alleged, that Newell became pastor of said church in November, 1926, and that during his pastorate the congregation of said church undertook to improve the church lot by constructing thereon a church edifice; that Newell and Smith entered into a conspiracy to take from the church a note and deed, and Smith persuaded the plaintiff to join with him (Smith) in the execution of said note and deed on May 15, 1930; that the plaintiff did not actually know the standing of the indebtedness or know personally the accuracy of the claims of Newell, but relied on the representations of Smith, his cotrustee; that the representations of Newell and Smith as to said indebtedness were false in that the church was not in fact indebted to Newell in any sum; that immediately after acquiring said note and deed Newell abandoned his pastorate and proceeded to file suit on said note; that a judgment was rendered and a sale of said property made by the sheriff to Newell as the highest bidder; that Smith "did aid and abet and conspire with said . . Newell in securing said judgment and in procuring said sale, by stating to your petitioner and to the members of the church that the purpose of said sale was to perfect title to said property, so that the church could build a new church building thereon without the aid of outsiders, and that it was the intention of said . . Smith and said . . Newell, after getting title to said property, to secure the finances necessary for completing said church;" that defendants carried out none of their promises, but the church was finished by the congregation; and that Newell is now wrongfully claiming title to said church. An interlocutory injunction was refused, and exceptions were taken.

Newell and Smith filed answers. Newell alleged, in substance, that the deed in question was executed to him by Smith and Brinkley to secure a debt of $500, due him by said church, after they

had received authority from the congregation duly assembled; that on February 22, 1933, the debt being in default, he instituted suit in the city court of Atlanta against the trustees on said indebtedness; that a judgment was obtained, declaring a special lien on the property; that execution from said judgment was levied on said property on January 12, 1935, and at the sale pursuant thereto on February 5, 1935, he became the purchaser and was given a deed thereto by the sheriff; that on March 14, 1935, he resold the property to John W. Eagle and Smith, as trustees of the Bethany Baptist Church, delivering to them a warranty deed, and they in turn executed and delivered to him a loan deed to secure the purchase-price; that this loan thereafter became in default, and in March, 1937, under and by virtue of the power of sale contained in the security deed he advertised said property for sale, and became the purchaser at said sale; that thereafter Brinkley and Smith, as trustees for said church, entered with him into a contract on behalf of said church, for the purpose of leasing said church property for a period of four months beginning July 9, 1938; and that he is now entitled to possession of said property by virtue of the fact that said lease has expired. Smith's answer alleged substantially the same facts. He specifically denied that he had been a party to any conspiracy with Newell to defraud the church of said property; and further denied that he made any representations to Smith or the congregation concerning the suit instituted by Newell on said indebtedness, and set out in detail the manner in which the indebtedness from the church to Newell arose. It further appears from the defendants' answers that this is not the first time that Brinkley has attempted to save the church property from the alleged unclean hands of Newell, a former pastor of said church. It appears that upon the institution of the suit by Newell in the city court of Atlanta on February 22, 1933, to obtain judgment on said indebtedness and to declare a special lien on the land, Brinkley, together with Smith and Rev. W. M. Jones, then the pastor of said church, employed an attorney to represent them in said suit; that an answer was filed, which, as it appears in the present record, denied that the church was indebted to Newell in any sum; that after a trial a verdict in favor of Newell was rendered. It also appears that thereafter, when Newell advertised the property for sale under the power contained in the loan deed executed by the

trustees of the church when the property was repurchased, Eagle, Smith, and Brinkley filed in Fulton superior court a petition seeking to enjoin said sale, alleging in substance that said indebtedness had been paid; and that on interlocutory hearing a temporary injunction was denied.

At the hearing the pleadings of all the parties were introduced in evidence. The plaintiff submitted affidavits of himself and others, the contents of which made out no case stronger or different from that made in the petition. The plaintiff deposed that during the years 1935, 1936, and 1937, about $350 was turned over to Newell. This was between the time of the repurchase of the property by the church and the foreclosure under the power of sale, which was finally consummated on July 5, 1938. Smith deposed that the $500 represented money actually loaned by Newell to the church to aid in the completion of the church building, and denied any wrong-doing in any of the transactions between the trustees of the church and Newell. Newell deposed that after he resold the property to the church in 1935 for $2000, he was paid only $258.04, which represented partial payment of the agreed down payment and interest thereon under the contract of sale.

The evidence need not be further detailed. It seems clear from the mere statement of the above facts, that there was no error in refusing an injunction. The plaintiff, as trustee for the Bethany Baptist Church, is in no position to attack the original note and security deed on the grounds stated. As appears from the above statement, Newell filed suit on the note and prayed for a special lien on the land. The plaintiff and other trustees of the church appeared and defended the suit on substantially the same grounds set up in the present petition. The jury returned a verdict in favor of Newell, and a judgment was rendered accordingly. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. It further appears that the plaintiff together with the other trustees, on July 9, 1938, entered into a contract on behalf of the church, leasing the property in question from Newell, and thereby became a tenant of Newell. The Code, § 61-107, declares that "The

tenant may not dispute his landlord's title, nor attorn to another claimant while in possession." While it appears that said lease had expired at the time the present suit was brought, it does not appear that the property had been surrendered to Newell. See *Grizzard* v. *Roberts,* 110 *Ga.* 41 (2) (35 S. E. 291); *Bullard* v. *Hudson,* 125 *Ga.* 393 (54 S. E. 132); *Johnson* v. *Thrower,* 117 *Ga.* 1007 (44 S. E. 846); *Willis* v. *Harrell,* 118 *Ga.* 906 (10) (45 S. E. 794); *Mitchell* v. *White,* 74 *Ga.* 327. The judge did not err in refusing an injunction.

*Judgment affirmed. All the Justices concur.*