BARNETT *v.* LEWIS *et al.*

No. 14174.   JUNE 19, 1942.

204

*Tolnas & Middlebrooks,* for plaintiff.
*Joseph G. Faust,* for defendants.

DUCKWORTH, Justice. The amended petition seeks injunctive relief and cancellation of a deed. Both constitute disputes of the title of defendants Lewis and George. The entire amended petition immediately encounters the long-established and well-recognized principle of law found in the Code, § 61-107, which declares: "The tenant may not dispute his landlord's title nor attorn to another claimant while in possession." This rule estops the tenant from disputing his landlord's title so long as he is in possession. It does not prevent him from attacking the title of his former landlord, but requires as a prerequisite to such attack that he surrender possession. *Newton* v. *Beckom,* 33 *Ga.* 163 (3). In *Ronaldson* v. *Tabor,* 43 *Ga.* 230, it was said: "No principle of the law is of more solid and comprehensive justice than this—none which invokes a stricter and more rigid enforcement at the hands of courts. The tenant, or his assignee, upon every principle of justice and law, must not attorn to another nor set up in himself a title in conflict with his landlord's while in possession of his property." The petition contains an admission by the plaintiff that in 1940 he recognized defendants Lewis and George as the owners of the land involved; and that he executed to them a rent note, thereby constituting them his landlord and him their tenant; and asserts that he was then in possession and has since that time remained in possession of the premises. This admission establishes conclusively the relationship of landlord and tenant, with the plaintiff's possession that of such tenant. The other averments, as to the defendants' want of title, that they induced the plaintiff to execute the rent note, and that the rent note has not been paid, will not suffice to erase, refute, or even alter the fact that the plaintiff thereby became the tenant and his possession thereupon became possession as tenant of the defendants as his landlord. In *Grizzard* v. *Roberts,* 110 *Ga.* 41 (35 S. E. 291), this court quoted with approval from 1 Wood on Landlord and Tenant, § 232, as follows: "It is a well-settled general rule, that a lessee can not deny the title of his landlord; and this rule applies whether the tenant was in possession before the lease was made or not. So long as he remains in undisturbed possession he is estopped from attacking the title under which he entered, unless his entry was induced by the fraud of the landlord or by a mistake in the execution of the lease, or unless the lease was made for purposes in violation of law.

. . The fact that the lease is void, or that the lessor had no title whatever, or that the title was really in the lessee, and he was ignorant of the fact when the lease was made, will not change the rule." Under the rule just quoted the tenant may attack his landlord's title while still in possession, if he was induced to enter as tenant by fraud of the landlord, or by a mistake in the execution of the lease, or if the lease was made for a purpose in violation of law. The amended petition here shows no mistake in the execution of the rent note, no purpose in making the note which was a violation of law, and no fraud on the part of the landlord which induced the plaintiff to execute the rent note. As stated above, the fact that the lease is void, or that the lessor had no title, or even if the lessee had title and was ignorant of the fact, will not alter the rule. The most that can be said for the averments of the present petition is that the rent note was void, the payees therein had no title, and the plaintiff was at the time already in possession claiming title. No fraud is charged. Therefore, aside from other observations that may properly be made as to *Tison* v. *Yawn*, 15 *Ga.* 491 (60 Am. D. 708), on which the plaintiff relies, it has no application to the facts in the present case. It was said: "If the attornment of the tenant is superinduced by the misrepresentations of the landlord as to his title, the tenant will not be estopped by it." After announcing this rule the court went on to say that as to the defect in the landlord's title this was distinctly mentioned to the tenants, and "so that there was neither the suppression of truth, nor the suggestion of falsehood, respecting the matter." The present petition alleges that Lewis and George were the purchasers of the property at a sale, and thereafter stated that they had legal title to the property. Instead of a misrepresentation, this shows a true representation, in that it stated the procedure by which they acquired title and nowhere disputes that their title was procured by the procedure recited. Although such a sale might not have vested in the purchasers a valid title, indeed if they acquired no title whatever thereby, the tenant, having recognized them as owners and having acquired possession as a tenant, is estopped to question their title so long as he remains in possession. In *Grizzard* v. *Roberts*, supra, it was said: "The possession of realty by a tenant is the possession of the landlord (that is to say, of the one who as landlord put him in) ; and it is a well-recognized principle, and one

resting on the plainest principles of right, that a tenant is estopped from denying the title of his landlord." The court then quoted with approval from 2 Taylor on Landlord and Tenant, § 705, as follows: "If a tenant has once recognized the title of the plaintiff, and treated him as his landlord, by accepting a lease from him, or the like, he is precluded from showing that the plaintiff had no title at the time the lease was granted. . . A tenant shall never be permitted to controvert his landlord's title, or set up against him a title acquired by himself during his tenancy, which is hostile in its character to that which he acknowledged in accepting the demise." It was held in *Johnson* v. *Thrower,* 117 *Ga.* 1007 (3) (44 S. E. 846), that the rule prohibiting a tenant from disputing his landlord's title while in possession was applicable where the tenant was in possession and claiming title to the premises at the time the rent contract was made. Supporting this general rule, see *Burnett* v. *Rich,* 45 *Ga.* 211; *Tufts* v. *DuBignon,* 61 *Ga.* 322; *Grizzle* v. *Gaddis,* 75 *Ga.* 350; *Beckham* v. *Maples,* 95 *Ga.* 773 (22 S. E. 894); *Willis* v. *Harrell,* 118 *Ga.* 906 (45 S. E. 794); *Hester* v. *Keen,* 141 *Ga.* 832 (2) (82 S. E. 250); *Vada Naval Stores Co.* v. *Sapp,* 148 *Ga.* 677 (98 S. E. 79); *Bryant* v. *Towns,* 177 *Ga.* 571 (2) (170 S. E. 669); *Brinkley* v. *Newell,* 188 *Ga.* 678 (4 S. E. 2d, 827). The amended petition showing that the plaintiff has never surrendered possession since entering as the tenant of the defendants, no right to any relief sought is shown, and the petition was subject to general demurrer. For the reasons above stated we reject the contention that the decision in *Brown* v. *Bonds,* 125 *Ga.* 833 (54 S. E. 933), would sustain the petition, the effort to cancel being plainly an attack upon the title of the landlord.

By the amendment the petitioner seeks to set forth title acquired subsequently to the time when he entered possession as tenant under the rent contract in 1940. Whether or not the deeds attached to the amendment would show any title whatever, the petitioner is estopped from asserting that title without having surrendered possession. *Williams* v. *Garrison,* 29 *Ga.* 503.

*Judgment affirmed. All the Justices concur.*