PHILIP H. WYATT *et al.*, plaintiffs in error, vs. WILLIAM D. ELAM *et al.* defendants in error.

[1.] When there are two deeds to the same land, the younger duly recorded, the older not, *possession* by the person claiming under the older deed, is a fact admissible as evidence, against the person claiming under the younger deed, on the question, whether the latter person did not have *notice* of the older deed, at the time when he took the younger deed.

[2.] Land was sold at Sheriff's sale as the father's. The purchaser conveyed it to two minor sons of the father. The father and the two sons took and held joint possession, under this conveyance. Subsequently, the land was again sold at Sheriff's sale, as the father's. The second purchaser, after the lapse of as much as seven years, from the time when this joint possession in the father and the two sons commenced, sued the father and the two sons, for the land.

*Held*, that the possession of the two sons was *adverse* to the purchaser.

Ejectment, in Marion. Tried before Judge WORRILL, March Term, 1857.

This was an action of ejectment by Doe, upon the demises of William Kelly, and William D. Elam against Roe, casual ejector, and Philip H. Wyatt, William W. Wyatt and James Nixon, tenants in possession, for the recovery of lot of land No. 99, in the 4th district of originally Muscogee, now Marion county.

Plaintiff tendered and read in evidence a grant from the State for said lot to William Kelly; also a deed from the

Wyatt et al, vs. Elam et al.

Sheriff of Marion county of said lot to William D. Elam, dated 31st July, 1849, he having purchased said lot of land as the property of Philip H. Wyatt, under fi. fa. against him; sold on the first Tuesday in May, 1849; and Elam's deed recorded on the 7th January, 1850. It was admitted that Philip H. Wyatt was in possession of said land at the commencement of this suit, together with William W. Wyatt and Elijah M. Wyatt, minor sons of said Philip, and that they all were in possession of the land when it was sold by the Sheriff, and bought by Elam in 1849.

Plaintiff here closed.

Defendants then tendered and read in evidence a deed from the Sheriff of Marion county, to William Wells, to the same lot of land, dated 6th May, 1845; Wells being the purchaser of the same when sold by the Sheriff, as the property of Philip H. Wyatt, under, and by virtue of a writ of *fieri facias*, against said Philip; said deed was recorded 4th March, 1853. It was admitted by plaintiff that Philip H. Wyatt and his sons William W. and Elijah M. Wyatt were in possession of the land at the time of purchase by Wells, at Sheriff's sale, in 1845, and continued in possession until the purchase by Elam, at Sheriff's sale in 1849, and that they were now in possession. Defendant then tendered and read in evidence, a deed from William Wells, to said William W. Wyatt and Elijah M. Wyatt, infant sons of said Philip H., dated the 10th October, 1845, and recorded 4th March, 1853. It was admitted that said Philip H. and his sons went into possession of said land, under the deed from Wells, and that said sons have been in possession, together with their father, ever since the execution of Well's deed to them, up to the present time, and more than seven years prior to the commencement of this action.

Here defendants closed.

The presiding Judge held and decided, that, inasmuch as

the minors were in possession of the land, together with their father, although they held under a deed from Wells, yet this was no notice to Elam; and as the deed to Elam had been recorded, in the time required by law, and before the deed to Wells from the Sheriff, and the deed from Wells to the minors were recorded, and they not being recorded within the time required by law, that Elam's deed was entitled to precedence.

And further, that, as the minors were in possession with their father at the time of the last sale to Elam, that, although they had been in possession more than seven years prior to the commencement of this suit, yet, as they were in possession with their father, their possession was not adverse to Elam, and he was entitled to recover. To all of which rulings and decisions defendant, by his counsel, excepted.

The jury, under the charge and instruction of the Court, found for the plaintiff, on the demise of Elam, and defendants tender their bill of exceptions, &c.

BLANDFORD & CRAWFORD, by SMITH & POU, for plaintiffs in error.

W. D. ELAM and B. HILL, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

Were the two charges of Court below right?

At the time when Elam purchased, the Wyatts were in possession under deeds, but deeds unrecorded, and more than twelve months old. Was this possession notice to Elam of those deeds?

The fourth section of the registry act of 1837 is as follows: " In all cases where two or more deeds shall be executed by the same person or persons, conveying the same premises to different persons, the one recorded within twelve months from the time of execution, (if the feoffee have notice of a pri-

or deed unrecorded at the time of the execution of the deed to him or her,) shall have the preference; and if all be recorded, or not recorded within said time, the eldest shall have the preference." *Cobb Dig.* 175.

" If the feoffee have notice of a prior deed"—is the expression, not if he have some particular sort of notice, but if he have *notice.* Now notice of any sort is notice. According, then, to the plain words of this act, any sort of notice will be good; and, therefore, according to the plain words of the act, not merely actual notice, but also *constructive* notice, will be good.

[1.] Possession of land, is, to all, constructive notice of the title by which the person in possession holds the land. *Hill Trustees,* 312.

In the present case, however, the possession in those who had the title, was not *exclusive.* The two minor sons of Philip Wyatt were the persons who had the title. They had the older of the two deeds. But the possession was in Philip Wyatt, as well as, in them. And the effect of these two facts, (that they were minors, and that their possession, and that of their father, was joint,) must be greatly to weaken the force of the fact, that they were in possession, as a fact to show notice of their title, to other purchasers. Still, the effect could not be, wholly to destroy the force of that fact.

And if this be so, the first charge of the Court was too general; for it amounted to a charge, that this fact of *possession* was wholly worthless on this question of notice.

We think the fact was one, which the jury should have been permitted to take into consideration on the question, whether Elam, at the time when he purchased, had notice of the older deed under which the minors held.

As to the second of the two charges:

After the two minors obtained their deed to the land, Philip Wyatt, their father, set up no title to it. He and they were thenceforth in the joint possession of the land, holding it under the deed to *them.* The deed to the minors was the thing

which all three held under. This being so, it must be considered, that the possession which the father had, such as it was, he had *for* not *against*, the minors. And, therefore, it must be considered, that, in effect, the minors alone had the whole possession. *Stamper et al. vs. Griffin*, 20 *Ga.* 324.

[2.] The minors then, by themselves and their father, had the possession of the land. They held it under an absolute title starting out of the father, consequently, they must have held it *adversely* to the father, and to any one claiming through the father; at least, to any one claiming through the father by a title of a subsequent date to theirs. Consequently they must have held it adversely to Elam.

Hence, we think, that this charge of the Court also, was erroneous.

There ought then to be a new trial.

Judgment reversed.