25724. SCARBOR et al. v. SCARBOR.

ARGUED APRIL 13, 1970—DECIDED MAY 7, 1970.

*Seymour S. Owens,* for appellants.

*Reinhardt, Ireland, Whitley & Sims, Tyron Elliott,* for appellee.

ALMAND, Chief Justice. This appeal is from judgments overruling motions for a judgment notwithstanding the verdict and a motion for new trial.

The action originated in a complaint filed by Laura Scarbor against Ted W. and Lonnie D. Scarbor, her grandsons, both minors, to eject them from and to recover possession of 100 acres in Tift County. In their answer the defendants pled (a) the general issue, (b) adverse possession for 7 years under color of title, (c) prescriptive title by 20 years adverse possession, and (d) title by warranty deed from their mother, Willie Mae B. Scarbor, dated August 16, 1967, recorded August 17, 1967.

On the trial the jury returned its verdict in favor of Laura Scarbor, the plaintiff.

There are 38 enumerated errors of which grounds 4 and 5, 15, 16, 17, 26 and 28, have been abandoned.

■ We consider first the order denying the motions for a judgment notwithstanding the verdict and for a new trial.

It appears without dispute from the evidence that the plaintiff and defendants claim to hold a paper title to the land from a common grantor, the plaintiff's chain of title being as follows:
(1) Warranty deed from C. W. Jones to William N. Scarbor and Lonnie H. Scarbor, dated August 27, 1943; reciting a consideration of $3,400 and assumption of loan in the sum of $2,400.
(2) Warranty deed from William N. Scarbor and Lonnie H.

Scarbor to Laura Scarbor dated March 14, 1945, and recorded May 22, 1968, reciting a consideration of $3,400.

The defendant's chain of title is: (1) Warranty deed from William N. Scarbor to Lonnie H. Scarbor, dated October 23, 1950, recorded November 6, 1950, reciting a consideration of $1.00. (2) Warranty deed from Lonnie H. Scarbor to Katherine E. Hall, dated July 16, 1957, recorded July 24, 1957, reciting a consideration of $10 (3) Warranty deed for life with remainder to survivor from Katherine E. Hall, dated July 16, 1957, to Lonnie H. Scarbor and Willie Mae B. Scarbor (4) Warranty deed from Willie Mae B. Scarbor to Ted W. and Lonnie H. Scarbor, dated August 16, 1967, recorded August 17, 1967 (Lonnie H. Scarbor being dead when this deed was executed).

The jury was authorized to find from the evidence that Laura Scarbor bought the land from C. W. Jones and paid the purchase price from her personal funds; that for her own convenience she had the deed made to her two sons, William N. and Lonnie H. Scarbor, who, in turn, executed a warranty deed to their mother, Laura Scarbor, in 1945, who did not record her deed until May 22, 1968; that Laura Scarbor moved into the "main house" on the subject tract of farm land in 1944 and lived there until 1966 when she moved away; that her son, with his family, lived on the farm and looked after its operation for his mother, either as her agent or tenant, and his occupancy was with her permission; that Willie Mae B. Scarbor, his wife, and the two minor defendants knew of Laura Scarbor's claim of title to the property, by both actual and constructive notice. That her claim of paper title was not defeated by their deed being recorded prior to the recording of the plaintiff's deed. The defendants' claim of adverse possession for 7 years under color of title, or prescriptive title by adverse possession for 20 years was without merit because the evidence showed that the defendants knew of her claim and she was in possession of the land from 1945 until 1966.

It was not error to overrule the motion for judgment n.o.v. and to deny a new trial on the general grounds.

■ Alleged errors 6 and 7 claim the court erred in admitting into evidence the ledger sheets of the Citizens Service Bank of Omega, showing deposit and checking account of Laura Scarbor

and C. W. Jones for the year 1943. This evidence was relevant and admissible in support of Laura Scarbor's claim that she bought the land with her own funds.

■ Alleged errors 8, 9, 10, 11, 12, 13, 14, 18, 19, 20, 21, 22, 23 and 24 all involve the same question. In the examination and cross examination by counsel for the appellant in regard to the actions of William N. and Lonnie H. Scarbor, as to the ownership of the land, on objection of counsel for the plaintiff, the court instructed the jury not to consider the testimony and documents admitted in evidence, if they, the jury, found that William and Lonnie H. Scarbor had made a deed to their mother, in that they would be estopped to make any claim to the land after they had made such a deed.

"The maker of a deed cannot subsequently claim adversely to his deed under a title acquired since the making thereof. He is estopped from denying his right to sell and convey." *Code* § 29-111. See *M'Cleskey v. Leadbetter*, 1 Ga. 551.

It was not error to so restrict the evidence.

■ The court gave in charge *Code* § 61-101, which defines the relation of landlord, and tenant and *Code Ann.* § 61-107, which provides that a tenant may not dispute his landlord's title or attorn to another claimant while in possession.

Enumerated errors 27 to 31, inclusive, assert that there was no evidence of the relation of landlord and tenant between Laura Scarbor and her son, Lonnie H. Scarbor. There is evidence in the record from which the jury could draw the conclusion that Lonnie H. Scarbor's possession was that of a tenant of his mother and in subordination of her title. Compare: *Hester v. Keen*, 141 Ga. 832 (2) (82 SE 250), and *Beckham v. Maples*, 95 Ga. 773 (22 SE 894).

■ Grounds of alleged error 32 to 38, inclusive, asserted that the court erred in refusing to give in charge seven requests relating to the law as to (a) adverse possession for seven years under color of title, and (b) prescriptive title by reason of 20 years adverse possession.

Permissive possession cannot be the foundation for prescription until an adverse claim is made with actual notice to the other party. *Code* § 85-402.

"Actual possession of land is notice to the world of a claim thereto, and one who, knowing land to be held by one person, buys it from another, will be charged with notice of an unrecorded deed held by the party in possession." *Atkins v. Paul,* 67 Ga. 97 (2). See also: *Taylor v. Perdue,* 206 Ga. 763 (3) (58 SE2d 902).

"When there are two deeds to the same land, the younger duly recorded, the older not, possession by the person claiming under the older deed, is a fact admissible as evidence, against the person claiming under the younger deed, on the question whether the latter person did not have notice of the older deed, at the time when he took the younger deed." *Wyatt v. Elam,* 23 Ga. 201 (1) (68 AD 518).

The only adverse possession in the two grandchildren (even if it be assumed that the minors' possession was in them and not in their mother and natural guardian), ran only from August 16, 1967. The evidence was insufficient to authorize the requested instructions to the jury on adverse possession under color of title or prescriptive title by adverse possession of 20 years.

It was not error to overrule the motion for a new trial on the special grounds.

*Judgment affirmed. All the Justices concur.*