33805, 33875. JOHNSON v. JONES et al.; and vice versa.

HALL, Justice.

Lilla and Ollie Jones brought an ejectment action against William Johnson, seeking to recover possession of a tract of land in Stewart County. The jury found for the plaintiff and also awarded her $3,000 for the value of the land during Johnson's wrongful possession. The defendant moved for a new trial which was denied. The defendant now appeals and enumerates as error the admission into evidence of the county surveyor's unofficial plat, the sufficiency of the evidence and the amount of damages. The plaintiff has cross appealed from the denial of summary judgment for failure of the defendant to file with the court answers to interrogatories and a reply to a request for admissions. Because we affirm the verdict of the jury, we do not reach the issue presented in the cross appeal.

1. The court did not err in admitting a plat of the

disputed property made by the county surveyor and identified by him. The survey was not an official one and did not meet the statutory requirements of Code Ann. § 23-1112. However, an unofficial but properly verified survey is admissible for whatever weight the jury attaches to it (*Woodard v. Bowen,* 213 Ga. 185 (97 SE2d 573) (1957); *Durden v. Kerby,* 201 Ga. 780 (2) (41 SE2d 131) (1947)), and the court correctly instructed the jury on this issue. The ten-day notice requirement of Code Ann. § 24-3384 is for official surveys, and failure to give notice does not bar the admissibility of an unofficial survey. *Darnell v. Betty's Creek Baptist Church,* 230 Ga. 461 (197 SE2d 714) (1973).

2. The deeds of appellee contained a sufficiently adequate description of the land for a writ of possession to issue. A review of the record demonstrates that the jury had adequate evidence on which to base its verdict and that it was not error to deny the motion for new trial. *Scarbor v. Scarbor,* 226 Ga. 323 (175 SE2d 6) (1970).

3. Appellant admitted in his answer the yearly value of the land and cannot now complain of an award based on that amount.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

CASE NO. 33805, SUBMITTED JULY 7, 1978; CASE NO. 33875, SUBMITTED JULY 28, 1978 — DECIDED OCTOBER 4, 1978.

*Jesse DuBose,* for appellant.
*Weyman Cannington, Jr.,* for appellees.