## 35198. VANDERGRIFT v. NORTH GEORGIA PRODUCTION CREDIT ASSOCIATION.

HALL, Justice.

This case involves a dispute over title to a two-acre tract of land in Jackson County. Both parties claim title from a common grantor, Jack (Edgar) Escoe. The facts are thoroughly set out in *North Ga. Production Credit Assn. v. Vandergrift,* 239 Ga. 755 (238 SE2d 869) (1977). Our initial decision held that the lower court had erred at trial by granting defendant Vandergrift's motion for a directed verdict after the plaintiff credit association had presented its evidence. On remand, the case was retried and submitted to the jury, which found for the credit association. Vandergrift appeals.

1. Appellant contends that the trial court should not have submitted the case to the jury and that the evidence did not support the verdict because a "fatal ambiguity" in North Georgia's deed defeated its claim. The major issue at trial was which of two roads marks the southern boundary of the disputed tract. Appellee's deed placed the boundary at an unpaved country road approximately three miles from Commerce, and appellee's proof showed that one of the two roads was 3.02 miles south of Commerce. Appellee also demonstrated that at the time of the conveyance to North Georgia, the parties' grantor had not yet acquired the land at the boundary for which appellant contends.

We find that the trial court properly submitted the case to the jury and that the evidence supports the verdict. *Johnson v. Jones,* 242 Ga. 319 (249 SE2d 30) (1978). Enumerations of error 1 and 2 are without merit.

2. Appellant also enumerates as error an omission from the jury charge and a portion of the charge which stated that a deed should be read as a whole and construed by the jury to give effect to all its terms and to the intention of the parties. The trial judge further charged that the intention of the parties was to be gleaned from the "language of the deed as a whole and the surrounding facts." Appellant argues that the jury could have believed that if the grantor intended to convey title to the disputed tract to North Georgia, the deed was adequate, even if the description in the deed pointed to a different tract.

We disagree with this interpretation of the charge. The trial court repeatedly charged the jury that the plaintiff had the burden of proof in establishing his title to the land and that the description of the land in a deed must be "certain," must be "sufficiently full and definite to afford some means of identification," and "must lead unerringly to the land in question." The charge, taken as a whole, correctly stated the law and properly framed the issues for the jury. *Union Central Life Ins. Co. v. Smith,* 184 Ga. 158 (1) (190 SE 651) (1937). Enumerations of error 3 and 4 are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1979 — DECIDED SEPTEMBER 26, 1979.

*L. Eddie Benton, Jr.,* for appellant.
*Robinson & Harbin, Sam S. Harbin, Jr., Troy R. Millikan, Jack S. Davidson,* for appellee.