## 36320. McGOWAN et al. v. NORTH GEORGIA PRODUCTION CREDIT ASSOCIATION.

BOWLES, Justice.

Some of the issues in this case have been previously considered in *North Ga. Production Credit Assn. v. Vandergrift,* 239 Ga. 755 (238 SE2d 869) (1977) and in *Vandergrift v. North Ga. Production Credit Assn.,* 244 Ga. 363 (260 SE2d 74) (1979).

The first opinion sets forth in detail the respective contentions of the parties including the contentions of the appellants in this case who were intervenors in the trial court.

In the posture of the pleadings and the various contentions of the parties if it were determined that North Georgia PCA had good title to the land in dispute as against Vandergrift, then the various contentions of the intervenors would be without merit. On the other hand, if it were determined that Vandergrift had title to the land in dispute there could be one or more substantial questions regarding the obligations of the appellants with respect to their promissory note and deed to secure debt held by North Georgia PCA representing the purchase money of the disputed tract and other tracts.

Upon the remittitur from this court in the first case being filed in the trial court, the trial judge wisely severed the issues for trial and allowed the basic question of title between Vandergrift and North Georgia PCA to be tried by a jury. A verdict was returned determining that North Georgia PCA had title, and judgment based thereon was affirmed by this court in the second reported case. Thereafter, the trial court determined that there was no further issue to be tried between the appellants and North Georgia PCA by granting summary judgment in favor of the latter. Appellants appeal that judgment to this court and designate two enumerations of error.

1. The first enumeration contends that the trial court committed error in ordering a separate trial of their claim from the trial of the claim between North Georgia PCA and Vandergrift. The provisions of Section 42 of the Civil Practice Act, Code Ann. § 81A-142 (b) clearly provide the trial court, in furtherance of convenience, may order a separate trial on any number of claims, cross-claims, counterclaims or third party claims or issues. We conclude that such language is broad enough to permit the trial court a discretion in granting severance to issues raised by intervening parties, and especially so where the interests of the intervenors are adequately protected by North Georgia PCA whose primary interest is to support its own title and thus appellants. We conclude that the trial

court has a wide discretion in the joining or separation of issues of the various parties, and such discretion will not be controlled on appeal unless it can be illustrated how the rights of a complaining party have been adversely affected by the trial court's action. Compare, *Hixson v. Barrow,* 142 Ga. App. 65, 68 (234 SE2d 805) (1977). Also, *Lincoln Land Co. v. Palfery,* 130 Ga. App 407, 416 (203 SE2d 597) (1973).

2. Appellants also complain that the trial court erred in granting the appellees' motion for summary judgment. All of appellants' claims to relief were bottomed on the fact that North Georgia PCA sold them land to which they had no valid title to convey. When this issue was resolved in a separate trial in favor of North Georgia PCA no issue remained for trial and the court correctly granted summary judgment. Surely, the appellants wanted the benefit of their bargain and not the right to help a third party to defeat the same.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 6, 1980 — DECIDED JULY 1, 1980.

*James C. Warnes,* for appellants.
*Jack S. Davidson, Sam S. Harben, Jr.,* for appellee.