## 3209. ROBINSON & JOHNSON *v.* ROTHCHILDS & CO.

1. Assignments of error which do not direct attention to the specific error of which complaint is made will not be considered. An assignment of error as to an instruction to the jury not erroneous in the abstract must point out its specific defect. A mere general assignment that a portion of it is error presents nothing for the consideration of a reviewing court, except as to its abstract correctness; and especially is this true when the charge as a whole is not embodied in the record.

2. The evidence authorized the jury to infer a rescission of the contract, and likewise supports the conclusion that the purchasers of the piano were possessed of sufficient information to give them notice that the piano was not the property of the defendant in attachment.

DECIDED JANUARY 15, 1912.

Trover; from city court of Monroe—Judge Stone. January 24, 1911.

*Napier & Cox,* for plaintiffs in error.

*W. O. Dean,* contra.

RUSSELL, J. Rothchilds & Company sold a piano to W. H. Jackson on the instalment plan. Jackson was in arrears in his monthly payments, and correspondence between the sellers of the piano and himself ensued. He several times offered to return the piano, stating that it was not such an instrument as he thought it was when he made the contract, and also that on account of the altered state of his financial condition, he was unable to pay for it. The correspondence resulted in Jackson's final agreement, acquiesced in by Rothchilds & Company, to ship the piano back to them, forwarding them at the same time a bill of lading from Monroe, Ga., to the factory at Stegar, Ill. Jackson himself was in Athens, but he testified by interrogatories that he gave instructions to his wife

to have the piano shipped, and she obeyed his instructions by employing a man to box and pack the piano, and had it carried by a drayman to the railroad depot. There the piano was levied upon under attachments issued at the instance of the plaintiffs in error and other creditors of Jackson. Prior to the levy the constable had been told by Mrs. Jackson at her house that they had been unable to pay for the piano in accordance with the contract, and that it was not Jackson's property, but was the property of the original vendors. No notice of the levy of the attachment was given to Rothchilds & Company, and in due course the piano was sold, the plaintiffs in error being the purchasers. Some time later an agent of Rothchilds & Company, on inquiring as to the whereabouts of the piano, and on being told by Jackson that he had returned it, discovered that it had been seized under the attachments and sold, and thereupon Rothchilds & Company instituted the present action of trover. Upon the trial the jury found in favor of the plaintiffs. Exception is taken to the judgment overruling a motion for a new trial.

1. The motion for new trial is based upon the general grounds, and upon three additional grounds, which attempt to assign error upon certain quoted excerpts from the charge of the court, but there is no specific assignment of error in any of these grounds, and each is so incomplete as to have presented nothing for the consideration of the lower court in passing upon the motion. Under well-settled rulings of the Supreme Court and of this court, these grounds, of course, present nothing for our consideration; for a court of review can not pass upon anything which the lower court did not have fair opportunity to determine. The mere quotation of an extract from the charge of the court, and the general statement that it is error, is an exception so extremely vague and indefinite as to be fatally defective; and especially is this true in a case in which the charge of the court as a whole is not embodied in the record so as to enable us to have the opportunity of considering the extract in connection with the context. It is manifest that this court can not determine from these extracts from the charge whether the judge erred in overruling the motion for new trial, in so far as it was based upon the grounds relating to them. Assignments of error which do not direct the attention of the court to the specific error of which complaint is made will not be considered. *Craw-*

*ford* v. *State,* 4 *Ga. App.* 789 (8), (62 S. E. 501). An assignment of error as to an instruction not erroneous in the abstract must point out its specific defect. A mere general assignment that a portion of it is error presents nothing for the consideration of a reviewing court, except as to its abstract correctness; and especially is this true when the charge as a whole is not embodied in the record.

2. As to whether the judge erred in overruling the motion for new trial so far as based upon the general grounds: The testimony might have authorized a finding either way. The trial judge, who heard the testimony and saw the witnesses, approved the finding of the jury. It can not be said that there is no evidence that there was a rescission of the contract between Rothchilds & Company and Jackson; for every circumstance confirms the statement that there was such a rescission, and Jackson himself, in his interrogatories, testifies that the contract was rescinded. The contract between Rothchilds & Company and Jackson itself provided for the retaking of the piano by Rothchilds & Company, and Jackson consented that they should exercise this privilege without legal proceedings. It is true that in order to have more effectually protected their rights, the sellers should have recorded the conditional bill of sale under which Jackson held the piano, but this failure on their part was at their own risk. In not giving creditors of Jackson notice by record they took the risk of other creditors not having notice brought home to them that the title was reserved. The question as to whether the plaintiffs in error in this case had actual notice of the state of the title to the piano, or as to whether the circumstances were sufficient to put them, as prudent men, on such inquiry as would have led to knowledge, was one to be determined by the jury, from the facts and circumstances which appear in the record. Our conclusion upon those facts might not have been the same as that reached by the jury in their finding. This, however, does not matter; for we can not say that the circumstances in proof were not sufficient to authorize the result reached by the jury.

*Judgment affirmed.*