### 6802, 6803. SEABOARD AIR-LINE RAILWAY *v.* BARROW (two cases).

BROYLES, J. 1. This court and the Supreme Court have repeatedly held that an assignment of error based upon the refusal of the court to award a nonsuit will not be considered where thereafter the case proceeds to a verdict in favor of the plaintiff, and exception is taken to the overruling of a motion for a new trial which contains the ground that the verdict is contrary to the evidence and without evidence to support it.

2. Failure to instruct the jury as to the law applicable to the impeachment of witnesses, in the absence of a timely written request to charge on that subject, is not cause for a new trial. *Garrison* v. *State,* 17 *Ga. App.* 314 (3), 315 (86 S. E. 743); *Shropshire* v. *State,* 15 *Ga. App.* 345 (3) (83 S. E. 152), and cases therein cited. In this case there was no timely written request so to charge.

3. Assignments of error which do not direct the attention of the court to the specific error of which complaint is made will not be considered. *Crawford* v. *State,* 4 *Ga. App.* 789 (8), 799 (62 S. E. 501). An assignment of error upon an instruction not erroneous in the abstract must point out its specific defect. A mere general assignment that a portion of a charge is error presents nothing for the consideration of this court except as to its abstract correctness. *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 500 (4), 510 (33 S. E. 644); *Robinson* v. *Rothschilds,* 10 *Ga. App.* 237, 239 (73 S. E. 554).

(a) Where long extracts from the charge are excepted to as being erroneous, as in this case, the plaintiff in error must specify what parts of them are erroneous. If this is not done, and some parts are not erroneous, a new trial will not be granted because of such exceptions. *Grace* v. *Martin,* 83 *Ga.* 245 (5), 254 (9 S. E. 841). Under these rulings the several excerpts from the charge complained of can not be considered.

4. This court can not consider exceptions to the refusal of the trial judge to comply with written requests to charge, unless it is made to appear that they were tendered to the court before the jury retired to consider the case. *Shirley* v. *State,* 5 *Ga. App.* 611 (63 S. E. 583). In this case it is not disclosed that the written requests to charge were so tendered.

5. While the great preponderance of the evidence was to the effect that the direct and proximate cause of the injuries was the gross negligence of the chauffeur of the sight-seeing automobile in which the plaintiffs

were riding at the time of their injuries, there was some slight evidence which, together with the inferences and deductions legally deducible therefrom, authorized a finding that the defendant was guilty of some, if not all, of the acts of negligence charged against it, to wit, in running its train at an excessive rate of speed, and in failing to blow the whistle, ring the bell, or check the speed of the train, at the crossing where the catastrophe occurred, *and that this negligence of the defendant was concurrent with the negligence of the chauffeur and contributed to the plaintiffs' injuries.* While the evidence clearly shows that the chauffeur of the automobile, in attempting to cross the track in front of the rapidly approaching train, was lacking in ordinary care for his own safety and the safety of his passengers, under the facts as disclosed by the record, his negligence can not be imputed to his passengers, the plaintiffs.

6. It is not shown that the verdict rendered in either case ($2,000, $6,500) is excessive.

7. The remaining grounds in the amendment to the motion for a new trial are merely amplifications of the general grounds that the verdict is contrary to law and the evidence, and without evidence to support it.

8. There was some slight evidence to support the verdict, and, it having been approved by the trial judge, this court is powerless to interfere.

*Judgment affirmed.*

DECIDED JUNE 23, 1916.  REHEARING DENIED JULY 6, 1916.

Action for damages; from city court of Atlanta—Judge Reid. June 12, 1915.

*W. G. Loving,* for plaintiff in error.

*S. Holderness, Westmoreland & Westmoreland,* contra.

