## CITY OF JEFFERSON *et al. v.* TRUSTEES OF MARTIN INSTITUTE *et al.; et vice versa.*

72

Nos. 15072, 15073.   FEBRUARY 7, 1945.   REHEARING DENIED MARCH 7, 1945.

74

*Wheeler, Robinson & Thurmond* and *H. W. Davis,* for plaintiffs.
*George W. Westmoreland, W. P. Frost,* and *W. W. Stark,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first question for consideration is the ruling of the court sustaining the general demurrer to count 2 of the plaintiffs' petition. Whether the allegations relating to dedication, which are substantially the same as those contained in the first count, are sufficient to set forth a cause of action for the realty or the proceeds of the insurance policies, need not, in view of the ruling hereinafter made, be determined. Assuming but not deciding that, standing alone, they would be sufficient, yet, the same count sets forth the terms of a lease, under which the plaintiffs were tenants of the defendants at the time of the fire, and two previous leases, which cover a period of almost thirty years. The plaintiffs seek to nullify the effects of being estopped to dispute the title, by asserting that these leases were executed under a mistake of fact. Whether the leases create the relation of landlord and tenant under the Code, § 61-101, et seq., or lessor and lessee under § 85-801 et seq., in either event the rights of the plaintiffs under the instruments were derived from the Trustees of Martin Institute. The allegations in count 2 of the petition, admitting the execution of these leases, would necessarily act as an estoppel as to the other averments relating to a dedication, unless there were additional sufficient allegations showing the lease to have been executed under a mistake of fact.

As to the latter, paragraph 26 states: "On or about the 19th day of June, 1913, the board of education of the City of Jefferson, laboring under a mistake of fact that title to said property was in 'The Trustees of Martin Institute,' as a corporation, undertook to enter into an agreement between itself and certain persons claiming to be the Trustees of Martin Institute and to represent it as a corporation, whereby they undertook to lease the property above described for public-school purposes." The petition then recites the execution of two other leases, one dated January 28, 1929, for a term of ten years, and the other August 29, 1939, for a term of twenty years. In paragraph 34, it is further alleged: "These instruments were executed by mistake of fact in believing that the the Trustees of Martin Institute held legal title to said property, whereas, in truth and in fact the right and title to all of said property had, long before either of said leases were attempted, vested in the City of Jefferson by dedication for public-school purposes." "In all cases of mistake of fact material to the contract or other matter affected by it, if the party complaining applies within a reasonable time, equity will relieve." Code, § 37-206. "Ignorance by both parties of a fact shall not justify the interference of the court." § 37-210. "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve; nor shall the ignorance of a fact, known to the opposite party, justify an interference, if there has been no misplaced confidence, nor misrepresentation, nor other fraudulent act." § 37-211.

In that portion of count 2 which seeks to allege a mistake of fact, there are no allegations to establish any misplaced confidence, misrepresentation, or fraudulent acts. Accordingly, in determining whether the allegations are sufficient to set forth a mistake of fact, they must rest entirely upon the sole question of diligence. "Where a party seeks to be relieved in equity, from the effect of a mistake, he must show due diligence on his part." *Lamb* v. *Harris*, 8 *Ga.* 546 (2). Courts of equity grant relief only in favor of the diligent. *Rogers* v. *Kingsbury*, 22 *Ga.* 60; *Vaughn* v. *Fuller*, 23 *Ga.* 366; *Smith* v. *Hornsby*, 70 *Ga.* 552; *Redwine* v. *McAfee*, 101 *Ga.* 701 (29 S. E. 428). "While equity will, on seasonable application and under proper circumstances, relieve a party from the injurious consequences of an act done under a mistake of fact, it will not do so if such party could by reasonable diligence have

ascertained the truth as to the matter concerning which the mistake was made." *Keith* v. *Brewster,* 114 *Ga.* 176 (39 S. E. 850). Applying the foregoing rules to the allegations of a mistake of fact on the part of the City of Jefferson, where on three different occasions (in 1913, in 1929, and again in 1939) its public officials recognized the ownership of the property to be in the Trustees of Martin Institute by executing leases, each for a period of years, it would be difficult indeed to reconcile such conduct as constituting reasonable diligence, such as would now authorize this long and continuous recognition of the ownership of this property to have been based upon a mistake of fact. On the contrary, the facts disclosed in the petition negative the necessary diligence to avail the plaintiffs of any right to assert a mistake of fact. The recognition of the title of the Trustees of Martin Institute, as disclosed in the leases set forth in the petition, is not nullified by the allegations to establish their execution by a mistake of fact. Accordingly, the trial court did not err in sustaining the general demurrer to count 2 of the petition.

■ On the trial of the case on the first count of the petition, in which there was no reference to any leases, the court submitted questions for the jury to answer, and to the question, "Was there a dedication of the lands to public use for public-school purposes?" the court directed the jury to answer, "No." The city insists that there was evidence which would have authorized a determination of this question by the jury in its favor. The evidence is voluminous and historical, tracing the history of Martin Institute from 1818, and its operation by donations for educational purposes, and also by aid of the city and county authorities. The deed, executed in 1886 from Fannie E. R. Howard to named parties as Trustees of Martin Institute, provided that the grantor, "in consideration of the sum of fifteen hundred dollars heretofore stipulated to be paid, the receipt of which is hereby acknowledged, does sell and convey unto [named persons], Trustees Martin Institute, their successors in office, and assigns, a certain tract or lot of land. . . Said lot being the same the Martin Institute is now located" on. It is insisted by the plaintiffs that this deed conveyed only the legal title to Martin Institute, and that the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in the City of Jefferson, and thereby

an implied trust was created—that there was evidence from which the jury could have found the purchase-price to have been paid by the city; that the city and county had expended more than $55,000 in buildings on the premises; and that the Trustees of Martin Institute had at no time invested more than $63,000 thereon; and that this would create an implied trust under various Code sections.

For the jury to have so found, there are many legal obstacles that would have to be overcome. By an act approved August 25, 1885 (Ga. L. 1884-1885, p. 596), the charter of Martin Institute was amended, as follows: "That the board of trustees of Martin Institute, an educational institute at Jefferson, Ga., are hereby authorized and empowered, for the purpose of paying for lot recently purchased, and for the erection thereon of an institute building . . and . , to issue . . bonds." By an act approved July 30, 1912 (Ga. L. 1912, p. 1019), a public-school system was established in the City of Jefferson, and in section 8 of this act it is provided: "The said board of education are authorized and empowered, under such contract as they may make with Martin Institute, to conduct and maintain the institution known as Martin Institute, located in the City of Jefferson." This act was amended by an act approved August 4, 1914 (Ga. L. 1914, p. 929), which by section 2 provided: "That they have the further right and power if they see fit to rent, lease or take over for a term of ten years, . . school dormitory, and other buildings, equipment . . for school purposes; to liquidate certain debts in consideration of such lease, and to construct other buildings on said leased premises."

Pursuant to the authority conferred by the legislature, the city, in 1913, leased the premises for a term of ten years for a consideration of $5000. The lease was not renewed until 1929, at which time the new lease stated: "At the request of the City Board, . . the County Board . . desires to become interested in the lease of the school property belonging to the Trustees of Martin Institute." The consideration of this lease was recited as $15,000 already spent on old buildings by the city, and $20,000 by the city and $5000 by the county to be spent in new buildings. This lease was for a term of 10 years. Again, in 1939 this lease was renewed for a term of 20 years, for the consideration of one dollar,

and other provisions for the carrying of fire insurance to protect the Trustees of Martin Institute.

These leases were introduced in evidence, and no issue was made as to their validity. In view of its recognition of title in the Trustees of Martin Institute, as established by these leases, under the express terms of the Code, § 61-107, providing that, "The tenant may not dispute his landlord's title nor attorn to another claimant while in possession," the city is precluded from asserting title. Where it is established that the relation of landlord and tenant exists, the landlord may recover upon the admission of title which grows out of that relation. *Cody* v. *Quarterman,* 12 *Ga.* 386. A lessee can not deny the title of his landlord. *Grizzard* v. *Roberts,* 110 *Ga.* 41 (2) (35 S. E. 291); *Bullard* v. *Hudson,* 125 *Ga.* 393 (54 S. E. 132); *Barnett* v. *Lewis,* 194 *Ga.* 203 (20 S. E. 2d, 912).

But able counsel for the plaintiffs in error insist that, while the evidence might establish the legal title to be in the Trustees of Martin Institute, there was evidence sufficient for the jury to determine, on the basis of an implied trust, that the equitable title and beneficial use was in the city. Without determining whether or not there was evidence sufficient to establish a trust in favor of the city, suffice it to say that, as to this theory of the case, the city is met by the same bar to obtaining a verdict for the equitable title and beneficial use as barred it from obtaining a verdict for the title based upon dedication; and that is, the relation of landlord and tenant. The lease in existence at the time of the fire, and the two former leases under which the city had possession of the premises for approximately thirty years, were recognition and admission of the title of the Trustees of Martin Institute to the use and beneficial interest of the premises; and, so recognizing the Trustees of Martin Institute as its landlord, the city could not dispute their title to this use and beneficial interest. The court did not err in directing a verdict on this issue.

■ In reference to the fund of $66,500 derived from the fire insurance, the court charged the jury as follows: "You will also find the amount which the defendants, Trustees of Martin Institute, are entitled to, and you are instructed as a matter of law, that that sum must not be less than $40,000, and for the board of education of City of Jefferson and board of education of Jackson

County, the balance of the insurance fund amounting to $26,500, applying to their insurable interest of the property destroyed by the fire. One of the conditions of the lease of 1939, which was in force at the time of the fire required the lessee to . . 'carry forty thousand ($40,000) dollars insurance . . of both fire and tornado so as to keep and guarantee the property against loss to the [Trustees of Martin Institute].'" Of the total insurance of $66,500, $10,500 was carried on the equipment and $56,000 on the building. Having thus insured the property and collected the amounts above stated by reason of a fire loss, under the terms of the lease agreement the Trustees of Martin Institute were entitled to have awarded to them the sum of $40,000, and the court did not err for any reason assigned in so instructing the jury.

From what has been said above, it becomes unnecessary to pass on the other objection to the charge relating to the interest of all parties to the balance of the insurance fund amounting to $26,500, inasmuch as the jury found this issue in favor of the plaintiffs, and awarded this fund to them as applying to their insurable interest in the property destroyed by fire.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except Wyatt, J., absent because of illness.*