**UNITED STATES of America**
**v.**
**George WEST and Rome Manufacturing Company.**
**C. A. 650.**

United States District Court
N. D. Georgia, Rome Division.
June 16, 1955.

James W. Dorsey, U. S. Atty., Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Wright, Rogers, Magruder & Hoyt, Rome, Ga., for defendants.

SLOAN, District Judge.

The United States sues here in two counts. In the first count plaintiff seeks to recover a judgment against George W. West upon certain promissory notes given by defendant, George W. West, to the United States of America acting through the Administrator of the Farmers Home Administration, and the complaint being in default as to Count 1, a default judgment was entered in favor of the plaintiff and against George W. West and the Court is not directly concerned with Count 1 of the complaint at this time.

Count 2 of the complaint alleges that to secure the payment of the notes described in Count 1 that the defendant, West, executed to plaintiff a chattel mortgage in the sum of $1,561.45, conveying to plaintiff by such mortgage, among other things, all crops of cotton, corn, hay, etc., grown on the Mrs. Eulee Patty farm in Cherokee County, Alabama, and live stock, farming equipment described in the mortgage attached as an exhibit. Plaintiff alleges that the chattel mortgage was duly recorded in Cherokee County, Alabama and that after the execution and delivery of the chattel mortgage the defendant, Rome Manufacturing Company, with actual or constructive notice, or both, of the existence of such chattel mortgage and of the lien created thereby, and with notice that the United States of America had loaned to the defendant, George W. West, money with which to purchase supplies in the making of his crop for the year 1950, received, took possession and appropriated to its own use and benefit four bales of cotton, said bales being described and totalling 2,097 pounds.

Plaintiff alleges that the defendant, George W. West, applied only $350 from his 1950 crop on the amount of his indebtedness and that the value of the cotton received and appropriated by the defendant, Rome Manufacturing Company, was the sum of $627.73, leaving an unaccounted balance of $277.73 and that at the time the Rome Manufacturing Company acquired possession of the cotton that there was a balance due on said debt secured by the lien of $715.10 and that no part of said balance has been paid.

Plaintiff alleges that it has made demand on the defendant, Rome Manufacturing Company, for the value of the cotton and seeks judgment in the sum of $277.73. Defendant answering Count 2 of the complaint admits that it purchased the four bales of cotton described in Count 2 and admits that it paid George W. West the sum of $627.73 as the purchase price for said cotton, but neither admits nor denies the allegations with respect to the amount of the indebtedness and balance due for want of sufficient information, but does deny that it purchased said cotton with either actual or constructive notice of the existence of said chattel mortgage and the lien created thereby, and denies that it is in

any way liable to the plaintiff for the sum sued for.

The case is presented to the Court for decision upon an agreed stipulation of facts.

### Findings of Fact

The stipulation of facts filed by the United States of America, as plaintiff, and Rome Manufacturing Company, as defendant, in the office of the Clerk of this Court on June 13, 1955 is hereby made the findings of fact by this Court.

It appears from the stipulation of facts that the plaintiff's contentions with respect to the indebtedness of George W. West to it are correct and that the plaintiff did hold the chattel mortgage on all crops of cotton, corn, hay and all other crops planted and growing on the described farm of Mrs. Eulee Patty in Cherokee County, Alabama and that this mortgage was recorded in the office of the Judge of Probate, Cherokee County, Alabama on January 20, 1950 and that the defendant, Rome Manufacturing Company, purchased four bales of cotton for the sum of $627.73 and that said bales of cotton were from the 1950 crop of said West, and it is agreed that West only applied $350 from the sale of the cotton to his notes for 1950, leaving an unaccounted balance of $273.73 from the cotton sold to Rome Manufacturing Company and that the defendant, Rome Manufacturing Company, did buy the four bales of cotton referred to from defendant, West, for the sum of $627.73 and that said bales of cotton were from the 1950 crop of said West.

It is stipulated that lists of borrowers whose crops were mortgaged to the Farmers Home Administration in Cherokee County, Alabama had been furnished to the Rome Manufacturing Company over a period of years, including the years prior to 1950, and the Rome Manufacturing Company admits that prior to the sale of the above described bales of cotton to it that it received from the officers of the Farmers Home Administration a list of borrowers in Cherokee County, Alabama which included the name of George W. West, a true copy of the list being attached to the stipulation, that list being in the following language:

"List of Borrowers in Cherokee County Whose Crops Are Mortgaged to FHA in 1950 * * * West, George W., Route 3, Cave Springs, Georgia."

It is stipulated that the cotton in question was brought into Georgia and sold to the Rome Manufacturing Company during the months of September and October, 1950 and that the chattel mortgage given by the borrower, George W. West, was not recorded in the State of Georgia and that George W. West paid only $350.00 on the installments due on his two notes during 1950, leaving a balance due and unpaid of more than $277.73. The record shows that the suit was instituted by the United States of America more than six months after the cotton was brought into Georgia and sold.

The questions presented for determination are:

1. Did the Government lose its lien against the cotton in question when West removed it from Cherokee County, Alabama and sold it to defendant, Rome Manufacturing Company in Floyd County, Georgia?

2. Did the recorded mortgage in Cherokee County, Alabama, together with a list of borrowers delivered by the Farmers Home Administration to the Rome Manufacturing Company put the Rome Manufacturing Company on notice as to the Government's lien against the cotton in question?

### Conclusions of Law

Under the law of Georgia mortgages on personalty shall be recorded in the county where the mortgagor resided at the time of its execution if a resident of this State, and if a nonresident, in the county where the mortgaged property is located. If a mortgage shall be executed on personalty not within the limits of this State and such property shall after-

wards be brought within the State, the mortgage shall be recorded within six months after such property is brought in.

A mortgage upon personal property shall be recorded in the office of the Clerk of the Superior Court in the County where the mortgagor resides and if the property is located in a county in this State other than the county in which the mortgagor resides, the same shall also be recorded in the county where the personal property is located at the time of the execution of the mortgage.[1]

Where a mortgage on personalty is executed to secure the payment of money or other thing of value and the same is not recorded as provided by law, such mortgage shall operate as a lien upon the property of the mortgagor only as against the mortgagor himself and those having actual notice of such mortgage except from date of the record of such mortgage.[2]

The mortgage may be recorded at any time, but such mortgage loses its priority over a subsequent recorded mortgage from the same mortgagor taken without notice of the existence of the first.[3]

Mortgages which are required by law to be recorded in the office of the Clerk of the Superior Court shall, as against the interests of third parties acting with good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record in the Clerk's office.[4]

The plaintiff here having given to the defendant, Rome Manufacturing Company, written notice that it held a mortgage on the crops of George W. West for the year 1950, it follows, under the facts here, that such defendant acquired said cotton with notice. The Georgia law provides that "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterward found such inquiry might have lead. Ignorance of a fact, due to negligence, shall be equivalent to knowledge, in fixing the rights of parties."[5]

The circumstances here were sufficient to put the officers of defendant, Rome Manufacturing Company, as prudent men, on inquiry and this inquiry would certainly have led to knowledge that the actual cotton purchased was covered by the mortgage which defendant knew existed.[6] That which puts a party on inquiry may be the equivalent of actual notice.[7]

Knowledge chargeable to a party after he is put on inquiry is not limited to such knowledge as would be gained by examination of the public records, but extends to such knowledge as diligent inquiry would have disclosed.[8]

Since the defendant had notice sufficient to excite attention and put it on inquiry, which would have led to complete knowledge of the fact that plaintiff's mortgage covered the cotton in question, it is chargeable with actual notice, hence the Government did not lose its lien against the cotton in question when West removed it from Cherokee County, Alabama and sold it to the defendant in Floyd County, Georgia.

The plaintiff is entitled to a judgment as prayed and the same may be prepared and presented.

1. Ga.Code, § 67–108.

2. Ga.Code, § 67–108.

3. Ga.Code, § 67–109, and § 29–401.

4. Ga.Code, § 67–2501.

5. Ga.Code, § 37–116.

6. Robinson & Johnson v. Rothchilds, 10 Ga.App. 237, 73 S.E. 554.

7. Patellis v. Tanner, 197 Ga. 471, 29 S.E. 2d 419.

8. Dyal v. McLean, 188 Ga. 229, 3 S.E.2d 571.