A95A1864. COLLINS v. PRINCE STREET TECHNOLOGIES LTD.

(469 SE2d 700)

BLACKBURN, Judge.

The issue in this case is, are a manufacturer's carpet samples subject to sales and use tax or are they exempt from such tax pursuant to OCGA § 48-8-39 (b). The trial court entered summary judgment for the manufacturer, determining that the use of the samples was not taxable, and Collins appeals therefrom. While the trial court erred in determining that the use of the samples was not taxable, we affirm summary judgment for appellee for the reasons herein outlined.

Prince Street Technologies Ltd. ("Prince") is a Georgia corporation in the business of manufacturing commercial grade carpet. Prince markets its carpet exclusively by providing, free of charge, various types of small carpet samples to interior decorators and to architectural and interior design firms throughout the country. The

samples are either custom-made at the request of a customer or they are made using Prince's inventory or excess production. Only a de minimis portion of the raw materials used by Prince to make carpet is used to make samples.

The Georgia Retail Sales and Use Tax Act, OCGA § 48-8-1 et seq., sets forth those transactions that are subject to state sales and use taxes. Under the Act, a sales or use tax is levied and imposed only "on the retail purchase, retail sale, rental, storage, use, or consumption of tangible personal property" in this state. OCGA § 48-8-30 (a).

Purchases made for resale are not taxable. Thus, a manufacturer purchasing raw materials for use in making items intended for sale is permitted to purchase those raw materials tax free. OCGA § 48-8-3 (35) (A) (i). The finished items are generally taxed when they reach the point of "retail sale" which is generally defined as a sale to the ultimate consumer or user of the property. OCGA § 48-8-2 (6).

OCGA § 48-8-39 (b) provides in pertinent part: "[i]f a person who engages in the business of processing, manufacturing, or converting industrial materials into articles of tangible personal property for sale . . . makes any use of the article of tangible personal property other than retaining, demonstrating, or displaying it for sale, the use shall be deemed a retail sale as of the time the article is first used by him and its fair market value at the time shall be deemed the sales price of the article."

The intent of this statute "is to capture tax revenues by creating a fictional 'sale' where the manufacturer of an item elects to use it himself rather than sell it in the normal course of his retail business." *Strickland v. W. E. Ross & Sons*, 251 Ga. 324, 327 (304 SE2d 719) (1983).

It is undisputed that Prince does not seek to market or sell the subject samples. Prince therefore, makes a use of the carpet samples, which "shall be deemed a retail sale." OCGA § 48-8-39 (b). The trial court erred in concluding that the use of the carpet samples by Prince did not trigger a "fictional sale" under OCGA § 48-8-39 (b). Only if the samples themselves were being retained, demonstrated or displayed for sale, would they be exempt from tax during the period of such use. It is clear from a reading of the statute, that "it" and "the article" ("the article is first used by him") refers to the carpet samples, and not to the non-sample carpet available for sale. OCGA § 48-8-39 (b). Only the carpet samples are being "used" by the manufacturer in the context of OCGA § 48-8-39 (b). Its "fair market value" refers to the carpet samples, as their value is the only value that would be relevant to the "fictional sale."

Statutes are to be construed in accordance with their real intent and meaning and not so strictly as to defeat their legislative purpose. *Johnson v. Housing Auth. of Atlanta*, 198 Ga. App. 816, 817 (403

SE2d 97) (1991). The use of the carpet samples by Prince creates a "fictional sale" that is taxable.

The value of the carpet samples in the subject "fictional sale" shall be their fair market value at the time they are first used by Prince. See OCGA § 48-8-39 (b). "Fair market value" is the amount a knowledgeable buyer would pay for the property and a willing seller would accept for the property at an arm's length, bona fide sale. See OCGA § 48-5-2 (3).

Collins contends the trial court erred by invalidating Revenue Regulation 560-12-2.96 (1), a regulation it adopted in 1976. The regulation provides: "[s]amples of tangible personal property distributed by manufacturers and other dealers are first used in sales promotion or advertising purposes and the tax must be paid on the cost price of samples." The General Assembly has empowered the Department's Commissioner to make reasonable laws and regulations not inconsistent with taxing statutes.

In enacting OCGA § 48-8-39, the General Assembly clearly intended to authorize a tax based on the *cost* of property purchased for resale but used by a *retailer* under OCGA § 48-8-39 (a), and to authorize a tax based on the *fair market value* of property purchased for resale but used by a *manufacturer* under OCGA § 48-8-39 (b).

Revenue Regulation 560-12-2.96 (1) is in conflict with OCGA § 48-8-39 (b) and the trial court did not err to the extent it so held. "An administrative rule promulgated without statutory authority is invalid. [Cits.]" *Rielli v. State*, 174 Ga. App. 220, 222 (330 SE2d 104) (1985).

The only evidence in the record of the fair market value of the carpet samples at the time of their use by Prince being zero, it follows that the application of the "fictional sale" requirements of OCGA § 48-8-39 (b) would result in no taxes being owed for such sales.

A grant of summary judgment must be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746) (1993). In light of the above, we affirm the trial court's grant of summary judgment awarding Prince a refund and accrued interest.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

## ON MOTION FOR RECONSIDERATION.

Collins contends that "fair market value" is a disputed issue of fact in this case and cannot be resolved on summary judgment. Collins states that the raw materials which Prince Street used in making up the samples had the same *cost* as such material which went into the manufacture of the carpet which the company sold. Collins also contends that the carpet which Prince Street withdrew to make sam-

ples was identical to the carpet which it regularly sold.

Collins' attempt to demonstrate the error in the court's analysis by the example of a shoe manufacturer who elects to cut a shoe in half for demonstration purposes and avoiding taxes because the shoe parts then have no value, is flawed. In such an example, the "fair market value" would be determined when the shoe is pulled from inventory, not when it is cut in half. We have applied the same criteria in the subject case. The difference is that in this case, the pulling and the cutting are but a single act, while in Collins' example there are fungible items involved.

Here we are involved with "use" by a *manufacturer* under OCGA § 48-8-39 (b), which specifically establishes "fair market value," not "cost" as the relevant value in a fictional sale, unlike OCGA § 48-8-39 (a), which establishes a "cost" basis for a "use" by a *manufacturer*. The only basis for the "fictional sale" is the use by Prince Street of *the samples* other than retaining, demonstrating or displaying *them* for sale. Were Prince Street demonstrating the samples themselves for sale, then this would constitute an exempted activity, no use would be involved and hence no fictional sale.

Collins' argument that the value of the samples is the same as the value of the uncut carpet fails for two reasons. First, OCGA § 48-8-39 (b) provides that in a fictional sale, the fair market value at the time the property is first used by the manufacturer is the basis for the tax. Samples are not samples until they are cut. Before they are cut, the material is simply part of the inventory.

Second, the value of samples which are cut into pieces as small as 9″ x 12″ cannot be assumed to be proportionately equal to such carpet when it is sold in large quantities for the purpose of covering entire rooms.

This case was decided by the trial court on the basis of cross-motions for summary judgment by the parties. In support of its motion, Prince Street introduced evidence through the affidavit of Robert D. Williams, that the market value of the subject samples was zero.

Where, as here, the moving party meets its burden, the nonmoving party must then point to specific evidence giving rise to a triable issue. OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The only evidence in the record establishes that the fair market value of the samples at the time of their use by Prince Street was zero, and could not result in any taxes being due.

If other evidence of the fair market value of the samples had been present in the record, there would then have existed a question of fact on this issue and a different result would have been required.

Decided February 13, 1996 —
Reconsideration denied March 7, 1996 —

*Michael J. Bowers*, Attorney General, *Daniel M. Formby*, *Warren R. Calvert*, Senior Assistant Attorneys General, *Richard C. Litwin*, Assistant Attorney General, for appellant.

*Smith, Gambrell & Russell*, *E. Kendrick Smith*, *William B. Wood*, for appellee.

*Constangy, Brooks & Smith*, *Townsell G. Marshall, Jr.*, amicus curiae.